[Cite as *Abbey v. Peavy*, 2014-Ohio-3921.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   100893

## STEPHEN P. ABBEY

APPELLANT

vs.

## ROBIN P. PEAVY

APPELLEE

## JUDGMENT:
### AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-01-283152

**BEFORE:**   Boyle, A.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 11, 2014

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Anne C. Fantelli
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza
5th Floor
Cleveland, Ohio    44114


**FOR APPELLEE**

Robin P. Peavy, pro se
30875 Cannon Road
Chagrin Falls, Ohio    44139

MARY J. BOYLE, A.J.:

**{¶1}**   Appellant, Stephen Abbey, appeals from the trial court's judgment denying his motion to modify child support.   He raises two assignments of error for our review:

> 1. The trial court/magistrate erred and/or abused his/its discretion by denying appellant's motion to modify child support and granting appellee's motion to modify child support and by failing to reduce the monthly child support; and/or failing to issue and [sic] order requiring appellee to pay child support; and in its decision and orders in regard to other issues.
>
> 2. The trial court erred and/or abused its discretion by failing to comply with Civ.R. 53, and by adopting the magistrate's decision without substantive modification.

**{¶2}**   Finding no merit to the appeal, we affirm.

<u>Procedural History and Factual Background</u>

**{¶3}**   Abbey and Robin Peavy (appellee, formerly Robin Abbey) were married in August 1994.   They had two children during their marriage, a son born on August 23, 1998, and a daughter born on October 26, 2000.

**{¶4}**   The parties terminated their marriage by dissolution in 2001, and agreed to a shared parenting plan.   At that time, Abbey agreed to pay $4,080 per month in child support.   In 2004, Peavy agreed to a modification in child support of $2,500 per month.

**{¶5}**   In May 2011, Abbey moved to modify his child support obligation, arguing that his child support obligation should be terminated or substantially reduced. Alternatively, Abbey argued that Peavy should pay child support.   Abbey asserted that a substantial change in circumstances had occurred since the parties' 2004 agreement

because his income had significantly declined and he had physical possession of K.A. nearly 100 percent of the time since February 2011.

{¶6} Subsequent to Abbey's motion, Peavy moved to modify child support as well. Peavy argued that her child support should be increased based on the fact that it had not been increased since 2004. Alternatively, Peavy argued that her child support should remain the same.

{¶7} A magistrate heard the matter beginning on April 27, 2012, and continuing on August 9, August 10, and ending on October 12, 2012. In his decision, the magistrate recommended denying Abbey's motion and granting Peavy's motion in part. We will address the magistrate's relevant findings of fact and conclusions of law in our analysis section of this opinion.

{¶8} Abbey objected to the magistrate's findings. In its judgment entry, the trial court indicated that it reviewed the magistrate's decision, the pleadings, exhibits, complete transcript, and Abbey's preliminary and supplemental objections. After review, the trial court modified the magistrate's decision in part and adopted it in part. The court corrected typographical errors in the magistrate's decision and found that a new child support worksheet should be prepared to reflect the current incomes of the parties. The trial court completed and attached the new child support computation worksheet. The trial court ordered that Abbey's motion be denied and that Peavy's motion be granted "to the extent that the prior Agreed Judgment Entry signed by the parties and [the judge] on July 13, 2004, is again the current child support order in this

case." The trial court ordered that Abbey pay $2,500 per month ($1,250 per child) in child support, plus processing fees. It is from this judgment that Abbey appeals.

### Standard of Review

**{¶9}** Trial courts are given broad discretion in determining whether to modify child support orders. *Woloch v. Foster*, 98 Ohio App.3d 806, 810, 649 N.E.2d 918 (2d Dist.1994). Therefore, a trial court's decision regarding a motion to modify a child support order will not be overturned absent an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).

**{¶10}** "Abuse of discretion" has been described as a ruling that lacks a "sound reasoning process." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Further, an abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir.2001).

**{¶11}** A trial court's discretion, however, is not unfettered, and the mandatory statutory child support requirements must be followed in all material respects. *Sapinsley v. Sapinsley*, 171 Ohio App.3d 74, 2007-Ohio-1320, 869 N.E.2d 702, ¶ 8 (1st Dist.); *see also Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph two of the syllabus.

**{¶12}** In this appeal, Abbey challenges the trial court's judgment overruling his objections and adopting the magistrate's decision. Civ.R. 53(D)(4)(d) provides in relevant part that:

> If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law.

**{¶13}** When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(D)(4)(d), we must determine whether the trial court abused its discretion in adopting the decision. *Lindhorst v. Elkadi*, 8th Dist. Cuyahoga No. 80162, 2002-Ohio-2385, ¶ 20, citing *Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 Ohio App. LEXIS 1828 (May 8, 1996).

<u>Analysis</u>

**{¶14}** Because Abbey argues his two assignments of error together, we will address them together. In his assignments of error, Abbey argues that (1) the magistrate failed to comply with *Marker* and the mandatory Ohio child support statutory scheme, (2) the magistrate erred when it failed to grant Abbey's motion in limine and by not permitting him to present evidence of his financial income from November 2010 to May 2011, (3) the trial court did not comply with Civ.R. 53 when it adopted the magistrate's decision, and (4) the magistrate's decision and trial court's judgment are against the manifest weight of the evidence.

**{¶15}** Abbey first argues that the magistrate did not follow the correct legal

standard for modifying child support.

{¶16} In his findings of fact and conclusions of law, the magistrate found that the parties' combined income was over $150,000. The magistrate noted that because the parties had agreed to an upward deviation in the initial agreement, that the standard set forth in *Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, should be followed. In *Bonner*, the court held that under R.C. 3119.79(A) and (C):

> Where * * * a party voluntarily agrees to pay child support in an amount exceeding the statutory child support guideline schedule, a trial court granting a motion for modification must find both (1) a change of circumstances, and (2) that such a change of circumstances "was not contemplated at the time of the issuance of the child support order."

{¶17} Abbey argues that the *Bonner* court and, thus, the magistrate in this case, interpreted R.C. 3119.79 incorrectly. Abbey maintains that under R.C. 3119.79, he was not required to show both a 10 percent change in the amount of child support that he was required to pay *and* a change in circumstances that was not contemplated at the time of the previous child support agreement. Nonetheless, Abbey spends much of his brief arguing that he established that more than a 10 percent change in the amount of child support had occurred since the last order, as well as numerous, substantial changes in circumstances that were not contemplated at the time of the parties' last agreement.

{¶18} Without addressing whether the *Bonner* court correctly interpreted R.C. 3119.79, we find that the magistrate did not have to consider R.C. 3119.79 at all when deciding whether to modify child support, because it is not applicable in this case.

{¶19} R.C. 3119.79 provides in relevant part:

(A) If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order *in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation.* If that amount as recalculated is more than ten percent greater than or more than ten percent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

\* \* \*

(C) If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order *to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation*, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in section 3119.22 of the Revised Code.

(Emphasis added.)

{¶20} R.C. 3119.79(A) requires courts to use the child support schedule and applicable worksheet to determine whether there has been a 10 percent change in the amount of child support. R.C. 3119.79(C) requires a court — if it finds that the amount of child support should be changed due to a substantial change of circumstances that was not originally contemplated — to modify the amount of child support to comply with the child support schedule and applicable worksheet (unless it determines that it would be

unjust or inappropriate to do so). Thus, under both R.C. 3119.79(A) and (C), the trial court is required to consider and use the child support schedule and applicable worksheet.

{¶21} The child support schedule and worksheet, however, which are set forth in R.C. 3119.021, 3119.022, and 3119.023,

> shall be used by all courts and child support enforcement agencies when calculating the amount of child support to be paid pursuant to a child support order, unless the combined gross income of the parents is less than sixty-six hundred dollars or more than one hundred fifty thousand dollars.

R.C. 3119.021. Thus, the child support guidelines "are expressly inapplicable in cases where the combined income of the parties exceeds $150,000." *Siebert v. Tavarez*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, ¶ 31.

{¶22} In this case, the magistrate found that the parties' combined gross income was over $150,000. This court has held that when the parties' combined gross income is over $150,000, R.C. 3119.79 is not applicable. *See Macfarlane v. Macfarlane*, 8th Dist. Cuyahoga No. 93012, 2009-Ohio-6647, ¶ 14. Rather, courts should apply the standard set forth in R.C. 3119.04(B). *Id.* at ¶ 15.

{¶23} R.C. 3119.04(B) provides:

> If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court or agency shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child

support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court or agency determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court or agency makes such a determination, it shall enter in the journal the figure, determination, and findings.

**{¶24}** This section has been construed to mean that the court must (1) set the child support amount based on the qualitative needs and standard of living of the children and parents, (2) ensure that the amount set is not less than the $150,000-equivalent, unless awarding the $150,000-equivalent would be "unjust or inappropriate and would not be in the best interest of the child," and (3) if it decides the $150,000-equivalent is unjust or inappropriate (and awards less), then the court must journalize the justification for that decision. *Siebert*, 8th Dist. Cuyahoga No. 88310, 2007-Ohio-2643, ¶ 31, citing *Zeitler v. Zeitler*, 9th Dist. Summit No. 04CA008444, 2004-Ohio-5551, ¶ 8.

**{¶25}** Under R.C. 3119.04(B), "domestic relations courts have more discretion in computing child support when the parents' combined income is greater than $150,000." *Macfarlane*, 8th Dist. Cuyahoga No. 93012, 2009-Ohio-6647, ¶ 17. This statute "neither contains nor references any factors to guide the court's determination in setting the amount of child support; instead, the court must determine child support on a case-by-case basis." *Siebert* at ¶ 31. Indeed, this court has stated that R.C. 3119.04(B) "leaves the determination *entirely* to the court's discretion, *unless the court awards less* than the amount of child support listed for combined incomes of $ 150,000." (Emphasis added.) *Cyr v. Cyr*, 8th Dist. Cuyahoga No. 84255, 2005-Ohio-504, ¶ 54, citing R.C. 3119.04(B).

**{¶26}** Abbey argues that the magistrate improperly failed to consider the statutory deviation factors under R.C. 3119.23. But the deviation factors set forth in R.C. 3119.23 are also inapplicable in this case, because courts must consider these factors when deciding whether to deviate from the child support schedule and worksheet. It is not an abuse of discretion, however, for a court to consider these factors, but it simply does not need to consider them when the parties' combined gross income is over $150,000. *See Siebert* at ¶ 45 ("we likewise cannot say that availing oneself of the [deviation] factors for some guidance is improper"; "[b]ut in no case can the court proceed to determine the proper amount of child support in such cases without fulfilling the analysis mandated by R.C. 3119.04(B).").

**{¶27}** In this case, the magistrate found that Abbey had failed to establish "a substantial change of circumstances that was not contemplated at the time of the agreement." If the magistrate would have stopped there (and the trial court adopted the magistrate's decision), we would reverse because R.C. 3119.79 does not apply here. But the magistrate went on to make extensive findings regarding the children's and the parents' needs and standard of living as required under R.C. 3119.04(B). The magistrate made the following relevant findings of fact:

> The combined testimony of the parties, and other evidence, established that there was, at the time of the prior agreed support orders in this case, and still is at present, a disparity with regard to the standard of living between the households of the two parties. Defendant-01 testified about the trust referenced in the Child Support Computation Worksheet attached to the Dissolution Decree and confirmed that it (he) still controls 47% of the stock of Mongoose Electronics (even if Defendant-01 will lose his annual salary of $180,000 after his severance period ends).

Defendant-01 introduced no evidence to suggest that the trust is less valuable as the result of his loss of the CEO position. Defendant-01 testified that although his living expenses exceed his current and future incomes, he is able to meet monthly expenses by drawing down "principal" of $1,000,000. He also testified that he was confident that he will be able to use his obvious talent for business to maintain a similar standard of living into the future.

Further, the Magistrate finds from Defendant-01's testimony that his household standard of living, even with the expenses of his new household, loss of current income, and business failures, is superior to that of Defendant-02, even with the increase of her annual income ($121,000) realized by the success of Chagrin Yoga LLC. Defendant-01 acknowledged that he pays an extra $2,500 per month, towards principal on the mortgage of his primary residence, and has committed to paying for Caroline's private schooling ($150,000 over six years), as well as committing to pay for other expensive activities for the children. The Court finds Defendant-01's testimony credible, but self defeating, when he testified that Defendant-02's share of the financial burden for the children's relatively high standard of living should be increased as a "matter of principal," without acknowledging his superior financial position compared to that of Defendant-02 (even if her financial position has recently improved). His self-serving testimony lends credence to Defendant-02's position that Defendant-01's decision to voluntarily take on so many children's expenses is an attempt to substitute direct children's expense payments for child support. There is no legal authority for Defendant-01's stated position that his child support obligation should be modified "as a matter of principal," as opposed to the legal standard set forth above, and it is not in the children's best interests to decrease the standard of living in Defendant-02's household, in order to subsidize Defendant-01's payments for private schooling, summer camps, and other activities.

{¶28} Based on these findings made by the magistrate, we find no abuse in the trial court's discretion in adopting the magistrate's decision to the extent that it did. The magistrate heard testimony from both parties over a period of four days. The magistrate was in the best position to assess the parties' evidence and credibility. And

the magistrate made extensive findings based on the needs and standard of living of the children and the parents as it was required to do under R.C. 3119.04(B).

{¶29} Abbey's arguments that the trial court did not independently review the magistrate's decision or did not "substantively modify" the magistrate's decision are belied by the record. As stated previously, the trial court indicated that it reviewed the magistrate's decision, the pleadings, exhibits, complete transcript, and Abbey's preliminary and supplemental objections. After review, the trial court modified the magistrate's decision in part and adopted it in part. The court corrected typographical errors in the magistrate's decision and found that a new child support worksheet should be prepared to reflect the current incomes of the parties. Further, the trial court completed and attached the new child support computation worksheet to its judgment (and, thus, Abbey's arguments that the magistrate and/or trial court failed to determine the parties' income or attach a child support worksheet are also without merit).

{¶30} We further find no merit to Abbey's argument that the magistrate erred by denying his motion in limine. The trial court indicated in its judgment that it did not consider any of the evidence that Abbey was attempting to exclude with his motion in limine.

{¶31} Finally, after reviewing the entire record, we also do not agree with Abbey that the trial court's judgment was against the manifest weight of the evidence. In a civil proceeding, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being

against the manifest weight of the evidence." *C. E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280-281, 376 N.E.2d 578 (1978). As a reviewing court, we evaluate the findings of the trial court under a presumption that those findings are correct. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). This is because the trier of fact is in the best position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.*

**{¶32}** Again, the magistrate heard testimony from both parties for four days. The magistrate was in the best position to assess the parties' evidence and credibility. Further, the magistrate made extensive findings based on the needs and standard of living of the children and the parents as it was required to do under R.C. 3119.04(B). After independently reviewing the entire record in this case, we find competent, credible evidence in the record to support the magistrate's findings. Thus, we find no abuse of discretion in the trial court's adoption of the magistrate's findings.

**{¶33}** Abbey's two assignments of error are overruled.

**{¶34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR