**THOMAS et al., Appellants,**

v.

**CITY OF CLEVELAND, Appellee, et al.**

[Cite as *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89724.

Decided April 10, 2008.

Legal Aid Society of Cleveland, Peter M. Iskin, and Harold L. Williams, for appellants.

Robert J. Triozzi, Director of Law, Joseph F. Scott, Chief Assistant Director of Law, Joseph G. Hajjar, Assistant Director of Law, and Richard F. Horvath, Chief Corporate Counsel, for appellee.

FRANK D. CELEBREZZE JR., Judge.

{¶ 1} Appellants, Annie Thomas and Christine Taylor, appeal the trial court's denial of their claims against the city of Cleveland for attorney fees under 42 U.S.C.1988(b).[1] After a thorough review of the record, and for the reasons set forth below, we reverse and remand.

{¶ 2} This appeal involves two separate cases that were consolidated in the trial court. Case No. CV–297317 was filed by Annie M. Thomas. The facts that led to her appeal began on February 6, 1995, when Thomas's son was arrested for a felony drug offense while driving Thomas's car. The police impounded Thomas's car under former R.C. 2933.43(A)(1),[2] which read: "[A] law enforcement officer shall seize any contraband that has been, is being, or is intended to be used in violation of division (A) of section 2933.42 of the Revised Code." A motor vehicle may be seized if it "is contraband because of its relationship to an underlying criminal offense that is a felony." R.C. 2933.43(A)(1).

{¶ 3} Thomas called the police station to inquire about her car, but was told that the police would keep it subject to forfeiture. In February 1995, the police requested that the prosecutor file a forfeiture petition.[3] On June 13, 1995, Thomas's son entered a plea of guilty in his case. For unknown reasons, the

---

1. Originally, Taylor sued the city and the Cuyahoga County prosecutor, Stephanie Tubbs Jones (currently, William Mason). Ultimately, Taylor abandoned her claim for attorney fees against the prosecutor. The prosecutor was not a party in Thomas's case; therefore, there is no claim for attorney fees against him.

2. R.C. 2933.43 has since been repealed.

3. Under R.C. 2933.43(C), the prosecutor is responsible for filing a petition for forfeiture. If the accused pleads guilty, a forfeiture hearing must be held within 45 days after the accused enters the plea. The innocent owner is entitled to notice of the hearing at least four weeks in advance. "Therefore, the latest date on which a forfeiture petition can be filed is seventeen days after the conviction in the underlying [offense]." *Thomas v. Cleveland* (2000), 140 Ohio App.3d 136, 746 N.E.2d 1130.

prosecutor never filed the forfeiture petition. On September 7, 1995, the police told Thomas she could have her car.

{¶ 4} Case No. CV–297317 was filed by Christine Taylor. The facts that led to her appeal began on April 5, 1995, when police arrested her friend for a felony drug offense while driving her car. The police impounded Taylor's car under R.C. 2933.43(A)(1) and informed Taylor that they were keeping her car subject to forfeiture. In April 1995, the police requested that the prosecutor file a forfeiture petition. Again, the prosecutor never did so. On January 25, 1996, Taylor's friend pleaded guilty to the criminal charges. On May 20, 1996, the police released Taylor's car.

{¶ 5} On June 7, 1996, appellants filed a complaint for declaratory, injunctive, and monetary relief. The declaratory judgment asked the court to find that R.C. 2933.43 was unconstitutional because it did not afford appellants a timely, meaningful postseizure notice and opportunity to be heard. On June 10, 1996, the trial court separated the liability and damages issues.

{¶ 6} By June 28, 1996, appellants and the prosecutor had entered into stipulations of facts as to liability on Taylor's claims against the prosecutor. On June 28, 1996, appellants filed a motion for partial summary judgment on liability. On July 29, 1996, the city filed a cross-motion for summary judgment. On January 22, 1997, at the request of the trial court, the parties entered into a stipulation of facts.

{¶ 7} On February 11, 1997, the trial court issued a journal entry, which read: "Parties have entered into fact stipulations. By agreement, pending motions and briefs for S.J. dismissed as withdrawn. Case will be decided as to liability on briefs without further hearing or trial."

{¶ 8} On February 11, 1998, the trial court issued an opinion and ruled on the liability issues based on the fact stipulations and the briefs of the parties. According to the trial court, appellants' claims were that "O.R.C. 2933.43 is unconstitutional on its face and as applied [in these cases] by the City of Cleveland ('City') and Prosecutor, in that the statute fails to provide potential innocent owners with a timely post-seizure notice and hearing opportunity, and thereby violates the Due Process Clause of the Fourteenth Amendment [to the United States Constitution]."

{¶ 9} The trial court's opinion held that contrary to the defendants' argument, their claims for declaratory and injunctive relief were not moot, but that on its face, the hearing procedure under R.C. 2933.43 did not violate due process. However, the trial court also held that as applied by the city and prosecutor to appellants, the hearing procedures, relative to potential innocent owners, violated due process. The trial court stated: "Plaintiffs should have been notified

immediately upon the Prosecutor's decision not to proceed with the forfeiture of Plaintiffs' vehicles. At the least, Plaintiffs should have been notified within seventeen (17) days after the completion of the underlying criminal case, as would be required if forfeiture was to proceed."

{¶ 10} The trial court held that "plaintiffs are entitled to damages in an amount to be determined by this Court." On July 28, 1998, appellants and the city stipulated damages at $400 for Thomas and $400 for Taylor. Eventually, both parties unsuccessfully appealed the trial court's decision to this court and to the Ohio Supreme Court.

{¶ 11} On January 25, 2002, the trial court ordered appellants to file a memorandum in support of their claim for attorney fees under 42 U.S.C.1988(b). On February 12, 2002, appellants filed their memorandum. On April 23, 2002, the city filed a brief in opposition. On March 29, 2007, the trial court denied appellants' claim for attorney fees by holding: "Upon review of Plaintiffs' Memorandum of Law on the Liability of Defendant City of Cleveland for attorney fees and Defendant City of Cleveland's Brief in Opposition, Plaintiff's [sic] request for attorney fees is denied." Appellants filed their notice of appeal on April 18, 2007.

{¶ 12} Appellants bring this appeal, asserting one assignment of error for our review.

{¶ 13} "I. The trial court erred, as a matter of law, in the judgment entry, filed March 29, 2007, when it denied the claims of Plaintiff–Appellant Annie M. Thomas ('Ms. Thomas') and Plaintiff–Appellant Christine L. Taylor ('Ms. Taylor') for attorneys fees under 42 U.S.C. § 1988(b) against Defendant–Appellee City of Cleveland ('City')."

{¶ 14} Appellants argue that the trial court erred when it failed to award them attorney fees under 42 U.S.C. 1988. More specifically, they argue that they are entitled to attorney fees because they are "prevailing parties." We find merit in this argument.

## Standard of Review

{¶ 15} Ordinarily, the award of attorney fees is within the discretion of the trial court. *Bittner v. Tri–Cty. Toyota, Inc.* (1991), 58 Ohio St.3d 143, 146, 569 N.E.2d 464. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. *Mobberly v. Hendricks* (1994), 98 Ohio App.3d 839, 649 N.E.2d 1247. An abuse of discretion exists when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *Berger v. Mayfield Hts.* (C.A.6, 2001), 265 F.3d 399, 402.

{¶ 16} "An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a determination, made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias." *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 17} Under 42 U.S.C. 1988(b), a court may, within its discretion, allow reasonable attorney fees to a "prevailing party" in an action brought under 42 U.S.C. 1983. A prevailing party should be allowed attorney fees unless "special circumstances" would render awarding fees unjust. *Hensley v. Eckerhart* (1983), 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40. "The court's discretion to deny a [Section 1988(b) ] fee award to a prevailing plaintiff is narrow." *New York Gaslight Club, Inc. v. Carey* (1980), 447 U.S. 54, 68, 100 S.Ct. 2024, 64 L.Ed.2d 723. The United States Sixth Circuit Court of Appeals has held that, "[although] it is within the [court's] discretion to award attorney's fees under [42 U.S.C. § ]1988, in the absence of special circumstances a [court] not merely 'may' but must award fees to the prevailing [party]." *Berger,* 265 F.3d at 406.

## 42 U.S.C. 1983

{¶ 18} In order to find that appellants are entitled to attorney fees under 42 U.S.C. 1988(b), we must first determine whether appellants brought a 42 U.S.C. 1983 claim.[4] "[42 U.S.C.] § 1988 fees are available for a party succeeding on any type of [42 U.S.C.] § 1983 claim." Id. at 403. It is not necessary that appellants presented their case specifically as a 42 U.S.C. 1983 claim because "[42 U.S.C.] 1988 is concerned with the substance of a prevailing party's action, rather than the form in which it is presented." Id.

{¶ 19} Under 42 U.S.C. 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * *."

---

4. The city stated at oral argument that it did not contest that appellants' claims were 42 U.S.C. 1983 claims.

■■ {¶ 20} "The mere failure to plead or argue reliance on [42 U.S.C.] § 1983 is not fatal to a claim for attorney's fees if the pleadings and evidence do present a substantial Fourteenth Amendment claim for which [42 U.S.C.] § 1983 provides a remedy, and this claim is related to the plaintiffs' ultimate success." *Berger*, 265 F.3d at 404. The plaintiff does not even have to refer to 42 U.S.C. 1983 in an argument before the court. *Goss v. Little Rock, Ark.* (C.A.8, 1998), 151 F.3d 861, 864–866. Under a 42 U.S.C.1983 claim, a plaintiff must show that (1) a person (2) acting under color of state law (3) deprived the plaintiff of a federal right. *Berger*, 265 F.3d at 405; 42 U.S.C. 1983. Here, appellants did not specifically present their case as a 42 U.S.C. 1983 claim; however, it is clear from the record that appellants' claims against the city allege that the city and its police department, acting under R.C. 2933.43, deprived appellants of due process.

{¶ 21} In her June 29, 1995 complaint, Thomas stated that "the City of Cleveland Police Department refused to release the car to Ms. Thomas, pursuant to O.R.C. § 2933.43, and pursuant to the City's policy and practice for implementing O.R.C. § 2933.43." Further, in her June 7, 1996 amended complaint, Taylor stated that "the City continues to detain Ms. Taylor's car pursuant to O.R.C. § 2933.43, and pursuant to the City's policy and practice for implementing O.R.C. § 2933.43. * * * The City's policy and practice for implementing O.R.C. § 2933.43 fails to provide Ms. Taylor with a timely and meaningful post-seizure notice and hearing opportunity * * *."

■ {¶ 22} Due process demands that the right to notice and an opportunity to be heard be granted at a meaningful time when the state seeks to infringe upon a protected liberty or property interest. *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 459, 668 N.E.2d 457. There is a substantial property interest in the possession of a vehicle. Id. at 466, 668 N.E.2d 457. Accordingly, we find that appellants claims must be considered a 42 U.S.C. 1983 action.

## Prevailing Party

■ {¶ 23} Although the award of attorney fees is subject to an abuse-of-discretion standard, the determination of a plaintiff as the prevailing party is subject to a de novo standard. *Jenkins by Jenkins v. Missouri* (C.A.8, 1997), 127 F.3d 709, 713. "We review this ruling de novo as it presents essentially a question of law, not the individualized considerations which lead us to apply a deferential review standard." *Williams v. Hanover Hous. Auth.* (C.A.1, 1997), 113 F.3d 1294, 1297.

■ {¶ 24} A plaintiff is a "prevailing party" if he receives "at least some relief on the merits of his claim. * * * [A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the

parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby* (1992), 506 U.S. 103, 111–112, 113 S.Ct. 566, 121 L.Ed.2d 494. "A judgment for damages [is] any amount, whether compensatory or nominal, [that] modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." Id. at 113, 113 S.Ct. 566, 121 L.Ed.2d 494.

{¶ 25} Here, appellants won their as-applied due process claims against the city. The trial court's opinion held that "it is the determination of this Court that O.R.C. 2933.43(C) is constitutional, but the County and City's application was unlawful in connection with the Plaintiff's cases." *Thomas v. Cleveland* (Feb. 9, 1998), Cuyahoga C.P. Nos. 291714 and 297317. Each appellant received $400 in stipulated damages. Accordingly, we find that appellants are prevailing parties in their as-applied due process claims against the city.

{¶ 26} The trial court did not find any special circumstances to justify denying appellants' attorney fees. The burden for establishing special circumstances is on the defendant. *Williams v. Miller* (C.A.8, 1980), 620 F.2d 199, 202. The city did not allege any special circumstances at the trial court level; therefore, it waives that argument on appeal. *McGovern Builders, Inc. v. Davis* (1983), 12 Ohio App.3d 153, 12 OBR 477, 468 N.E.2d 90.

{¶ 27} Finally, we briefly address the city's contention that we must affirm the judgment of the trial court because appellants failed to request findings of fact and conclusions of law, as required under Civ.R. 52. The city's argument is misplaced. Civ.R. 52 applies only when the court tries questions of fact without a jury. Accord *State ex rel. Perry v. Fuerst* (Mar. 24, 1988), Cuyahoga App. No. 53611, 1988 WL 35262. Here, no issues of fact were before the trial court; therefore, appellants' failure to request findings of fact and conclusions of law is irrelevant in this case.

{¶ 28} Accordingly, we find that appellants are prevailing parties for purposes of 42 U.S.C. 1988(b). Because appellants are prevailing parties, and the city has not proven any special circumstances, the trial court abused its discretion in failing to award attorney fees to appellants. Accordingly, appellants' assignment of error is sustained.

{¶ 29} The judgment is reversed, and the cause is remanded to the lower court for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

SWEENEY, A.J., concurs.

COONEY, J., dissents.

COLLEEN CONWAY COONEY, J., dissenting.

{¶ 30} I respectfully dissent. I would affirm the denial of attorney fees under Section 1988.

{¶ 31} To impose Section 1983 liability on a governmental entity, it must be shown that a policy or custom of the governmental entity was the moving force behind the constitutional violation. *Polk Cty. v. Dodson* (1981), 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509. Appellants sought an order declaring that R.C. 2933.43 and the city's policy and practice for implementing the statute violate the Due Process Clause. The trial court never made any such finding. As the majority correctly notes, the trial court found the statute constitutional, but the city's application was unlawful in connection with appellants' cases only. This critical finding does not render appellants prevailing parties, vindicating their civil rights, or establishing a policy and practice by the city.

{¶ 32} Another basis for affirming the denial of attorney fees under Section 1988 is our earlier finding in *Thomas v. Cleveland* (2000), 140 Ohio App.3d 136, 148, 746 N.E.2d 1130, that appellants failed to file a replevin action or seek legal advice to secure the return of their vehicles. Because the trial court provided no reasons for its decision to deny attorney fees, I would consider this court's earlier finding as establishing special circumstances justifying the denial of attorney fees. As the majority stated, a prevailing party should be allowed attorney fees unless special circumstances would render awarding fees unjust. Here, appellants' failure to assert their legal rights in a timely manner renders an award unjust.