[Cite as *Rhoades v. Rhoades*, 2014-Ohio-1869.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| EARL R. RHOADES, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-A-0051** |
| ELENA G. RHOADES, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2011 DR 230.

Judgment: Affirmed.

*William P. Bobulsky,* William P. Bobulsky Co., L.P.A., 1612 East Prospect Road, Ashtabula, OH 44004 (For Plaintiff-Appellee).

*Jane Timonere,* Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1} Elena G. Rhoades appeals from the August 8, 2013 judgment entry of the Ashtabula County Court of Common Pleas, granting her former husband, Earl R. Rhoades, a divorce, dividing the property of the parties, and granting Mr. Rhoades spousal support. We affirm.

{¶2} The couple was married in June 1985. They had no children, but raised Ms. Rhoades' daughter by a previous marriage, from infancy. Ms. Rhoades left the

marital residence permanently in July 2010, when she moved to Florida with Curt Gray, with whom she presently lives and shares expenses.

{¶3} Mr. Rhoades was a security guard at Lubrizol from 1971, until his retirement in 2002, when he took a lump sum retirement benefit of $382,738.60. This fund lost value due to the 2008 recession; further, there were regular withdrawals from the fund during the marriage. In September 2010, shortly after Ms. Rhoades left, the fund was worth $148,643.26. By the time of the final hearing in the trial court, the fund's value had diminished to $101,796. Mr. Rhoades receives $2,163 monthly in Social Security payments; he has monthly expenses of $3,388, which requires him to make up the difference from the retirement fund. Mr. Rhoades was 65 years old at the time of the final hearing. He has had several hip replacements, and suffers from diabetes, which he believes may result in amputations in the future.

{¶4} Ms. Rhoades was 52 years old at the time of final hearing. She earned an associate's degree in medical technology during the marriage, for which Mr. Rhoades helped pay and worked for 18 years at the Ashtabula County Medical Center. She presently earns $40,000 per year as a medical technician in Florida. At the time of final hearing, she had retirement benefits with a total value of $101,796, all marital property. At the time she left for Florida, Ms. Rhoades took household effects worth $1,900. The total appraised value of the parties' household effects was $31,840.

{¶5} Ms. Rhoades' daughter earned both a bachelor and a master's degree during the marriage, to which both Mr. and Ms. Rhoades contributed.

{¶6} The marital residence is in Harpersfield Township. Mr. Rhoades continues to reside there. He purchased the property prior to the marriage. The parties stipulated it had a fair market value of $156,000.

{¶7} Final hearing was held April 12, 2012. In its judgment entry of divorce, the trial court determined the marriage lasted from the couple's marriage in June 1985, until July 2010, when Ms. Rhoades left the marital residence. The trial court determined that 55% of Mr. Rhoades' retirement fund was marital, but that part of it had been used to pay for Ms. Rhoades' education, mortgage payments, and other marital expenses. The trial court awarded Mr. Rhoades the entire remaining value of his retirement fund.

{¶8} The trial court awarded Mr. Rhoades the entire remaining value of the household goods in his possession, amounting to $23,440. The trial court ordered that Mr. Rhoades receive the marital residence free from any claim by Ms. Rhoades, and that Mr. Rhoades' marital interest in the marital residence amounted to $62,000, representing various mortgages taken out during the marriage. It further determined that Mr. Rhoades had paid $5,352 for the parties' 2010 taxes, and for insurance. The trial court determined that the total value of property awarded to Mr. Rhoades was $85,440.

{¶9} The trial court awarded Ms. Rhoades the entire value of her retirement funds, and the household goods she took from the marital residence, for a total award of $103,696.

{¶10} Each party requested spousal support. The trial court noted that Mr. Rhoades is in poor health, with no future employment likely, whereas Ms. Rhoades remains in excellent health, and is well-employed. The trial court awarded Mr. Rhoades

$300 per month in spousal support, to commence October 1, 2013, for a period of three years. It retained jurisdiction of spousal support.

{¶11} August 28, 2013, Ms. Rhoades noticed this appeal, assigning two errors. The first reads: "The trial court abused its discretion by failing to make an equitable division of marital property. The court's failure to use a date within the marriage for valuation of Mr. Rhoades pension benefits assets also constituted abuse of discretion."

{¶12} Ms. Rhoades makes several arguments in support of this assignment of error. She contends the trial court erred in calculating that Mr. Rhoades' marital portion of the marital residence had a value of $62,000, based on two mortgages taken out during the marriage. She admits that some $12,000 was used directly from his retirement fund (itself partly marital), but contends that the remaining $50,000 must be attributed to both parties equally. She also contends the trial court misstated the value of household goods retained by Mr. Rhoades. Citing to the opinion of the court in *Crowder v. Crowder*, 10th Dist. Franklin No. 98AP-1124, 1999 Ohio App. LEXIS 3550 (Aug. 5, 1999), she contends the trial court was required to value Mr. Rhoades' retirement fund as of the end date of the marriage – July 2010 – rather than the date of final hearing, in April 2012, which would increase its value for purposes of apportioning marital property in excess of $40,000. Finally she contends the trial court's calculation of Mr. Rhoades' monthly expense is excessive, and that he could easily save over 40% of those expenses by abandoning his hobby – camping.

{¶13} "'In divorce proceedings, the court shall (* * *) determine what constitutes marital property and what constitutes separate property,' and 'divide the marital and separate property equitably between the spouses.' R.C. 3105.171(B). With certain

4

exceptions, 'the division of marital property shall be equal.' R.C. 3105.171(C)(1). 'If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable.' R.C. 3105.171(C)(1)." *Riley v. Riley*, 11th Dist. Ashtabula No. 2012-A-0037, 2013-Ohio-1604, ¶50.

{¶14} We review a trial court's decision regarding the division of marital property for abuse of discretion. *See, e.g.*, *Riley, supra*, at ¶51. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶15} It is clear the trial court found an equal division of the marital property would be inequitable. It made extensive findings to this effect, including Mr. Rhoades' poor health, inability to seek future employment, expenditure of retirement funds during the marriage for marital purposes, his contribution to the education of Ms. Rhoades and her daughter.

{¶16} On the specific issues raised by Ms. Rhoades, we find no abuse of discretion. Ms. Rhoades argues the trial court incorrectly attributed the whole of the $62,000 in mortgages taken out during the marriage as Mr. Rhoades' property, rather than dividing that value. We respectfully find this mischaracterizes what the trial court did. The marital residence was Mr. Rhoades' separate property before the marriage.

The trial court found it equitable to award him the house entirely, and found the marital portion of the house equaled the mortgages taken out during the marriage. Ms. Rhoades does not inform us why this is incorrect.

{¶17} Ms. Rhoades' contention the trial court miscalculated the value of household goods and personal effects awarded to Mr. Rhoades is similarly flawed. The trial court accepted an appraisal value of $31,840. From this it deducted the value of a car which Mr. Rhoades received as a gift from his sister, and $5,000 from the sale of a boat, which was applied to debt on the parties' other vehicles. This resulted in the $23,440 figure in personal property the trial court awarded to Mr. Rhoades. It did not award him the entire value of such property – i.e., the $31,840 appraisal value – as Ms. Rhoades seems to contend.

{¶18} Ms. Rhoades' reliance on the Tenth District's decision in *Crowder*, *supra*, for the proposition that Mr. Rhoades' retirement fund should have been valued as of the time the marriage ended, in July 2010, rather than the date of final hearing, is also misplaced. In pertinent part, the Tenth District held:

{¶19} "*The date generally used for purposes of determining the value of marital property in a divorce action is the date of the final hearing.* See R.C. 3105.171(A)(2)(a). However, if the court determines that use of this date 'would be inequitable, the court may select dates that it considers equitable.' R.C. 3105.171(A)(2)(b). Thus, the Ohio Supreme Court has held that under the particular circumstances of a given case, 'equity may occasionally require valuation as of the date of the *de facto* termination of the marriage.' *Berish v. Berish* (1982), 69 Ohio St.2d 318, 320, * * *. A trial court's determination as to when to apply a valuation date other than the trial date is within the

6

discretion of the trial court and will only be disturbed on appeal upon a demonstration of an abuse of that discretion. *Gullia v. Gullia* (1994), 93 Ohio App.3d 653, 666, * * *. However, as this court has recognized, *a trial court abuses its discretion in failing to use an alternative valuation date when the record unequivocally indicates a clear and bilateral breakdown of the marriage prior to the hearing date.* See *Rogers v. Rogers*, 1997 Ohio App. LEXIS 4033 (Sept. 2, 1997), Franklin App. No. 96APF10-1333, unreported (1997 Opinions 3556, 3568)." (Emphasis added.) (Parallel citations omitted.) *Crowder* at *4-5.

{¶20} In *Crowder*, the Tenth District held there was uncontroverted evidence of a bilateral breakdown in the marriage, thus requiring use of an alternative date for valuing marital property, rather than the date of final hearing. *Id.* at *7. In this case, the evidence indicates the marriage terminated due to unilateral action by Ms. Rhoades. *Crowder* is inapplicable: the trial court correctly valued *both* of the parties' retirement funds as of the final hearing date.

{¶21} Finally, Ms. Rhoades argues the property division is inequitable, since Mr. Rhoades could save money by abandoning his longtime hobby of camping. This argument appears to relate, more specifically, to the propriety of an award of spousal support. In that regard, R.C. 3105.18(C)(1)(g) specifically directs trial courts to consider the "standard of living of the parties established during the marriage." The evidence herein establishes that camping has been a principal occupation and diversion for Mr. Rhoades, since at least his retirement. Ms. Rhoades points to no legal authority in support of her position that he is required to abandon it.

{¶22} The first assignment of error is without merit.

7

{¶23} The second assignment of error reads: "The trial court abused its discretion in awarding spousal support of $300 monthly to plaintiff-appellee, Earl R. Rhoades."

{¶24} In support of this assignment of error, Ms. Rhoades reiterates her contention that Mr. Rhoades could easily reduce his expenses, thus preventing the diminution of his retirement fund. She also notes she contributed to the family income during the marriage, through her employment as a medical technician, and through the child support she received from her daughter's father.

{¶25} R.C. 3105.18 provides, in pertinent part:

{¶26} "(B) In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under *section 3105.171 of the Revised Code*, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party.

{¶27} "* * *

{¶28} "* * *

{¶29} "(C) (1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

8

**{¶30}** "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under *section 3105.171 of the Revised Code*;

**{¶31}** "(b) The relative earning abilities of the parties;

**{¶32}** "(c) The ages and the physical, mental, and emotional conditions of the parties;

**{¶33}** "(d) The retirement benefits of the parties;

**{¶34}** "(e) The duration of the marriage;

**{¶35}** "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

**{¶36}** "(g) The standard of living of the parties established during the marriage;

**{¶37}** "(h) The relative extent of education of the parties;

**{¶38}** "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

**{¶39}** "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

**{¶40}** "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

**{¶41}** "(l) The tax consequences, for each party, of an award of spousal support;

**{¶42}** "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

**{¶43}** "(n) Any other factor that the court expressly finds to be relevant and equitable."

**{¶44}** We review a grant of spousal support for abuse of discretion. *Riley*, *supra*, at ¶14.

**{¶45}** In this case, the trial court considered each of the R.C. 3105.18(C)(1) factors. In doing so, it laid emphasis on Mr. Rhoades' inability to earn money in the future, R.C. 3105.18(C)(1)(b); his poor health, as compared to Ms. Rhoades' good health, R.C. 3105.18(C)(1)(c); the retirement benefits of the parties, R.C. 3105.18(C)(1)(d); the relatively lengthy marriage involved, R.C. 3105.18(C)(1)(e); the comfortable standard of living enjoyed by the parties during the marriage, R.C. 3105.18(C)(1)(g); and Mr. Rhoades' contribution to Ms. Rhoades' education, R.C. 3105.18(C)(1)(j). The award of $300 per month in spousal support for a period of three years is, under all the circumstances, not unreasonable, and not an abuse of discretion.

**{¶46}** The second assignment of error is without merit.

**{¶47}** The assignments of error being without merit, the judgment of the Ashtabula County Court of Common Pleas is affirmed. It is the further order of this court that appellant is assessed costs herein taxed.

TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

10