[Cite as *Nicola v. Nicola*, 2015-Ohio-3540.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| MIRANDA N. NICOLA, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-062** |
| EMAD M. NICOLA, et al., | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 11 DR 000777.

Judgment: Affirmed.

*Gary S. Okin* and *Laurie A. Koerner,* Dworken & Bernstein Co., L.P.A., 60 South Park Place, Painesville, OH 44077 (For Plaintiff-Appellee).

*Hans C. Kuenzi,* Hans C. Kuenzi Co., L.P.A., Skylight Officer Tower, 1660 West Second Street, Suite 410, Cleveland, OH 44113 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Emad M. Nicola appeals from the judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, affirming in part, and modifying in part, the decision of its magistrate in Mr. Nicola's divorce from Miranda N. Nicola. No transcript of the trial in front of the magistrate was filed in this case: Mr. Nicola contends the trial court impermissibly reconsidered the facts in making its decision. We conclude

the trial court simply drew different legal conclusions from the facts found by the magistrate, and affirm.

{¶2} The Nicolas were married in 2004, and have two children, D.N. 1, born February 5, 2005, and D.N. 2, born August 23, 2006. Ms. Nicola filed for divorce December 1, 2011; Mr. Nicola answered and counterclaimed for divorce December 20, 2011. Trial extended for seven days between March 25, 2013, and September 23, 2013. The magistrate filed his decision November 18, 2013, and both parties objected. April 18, 2014, the trial court filed its judgment entry, affirming in part the magistrate's decision, and modifying it in part, largely by approving various of Ms. Nicola's objections. A final decree of divorce was filed June 10, 2014. This appeal timely ensued.

{¶3} The following facts are taken from the magistrate's decision.

{¶4} Mr. Nicola most recently worked as a store manager, and has amassed considerable assets. He was severely injured in 2012, and remains in therapy. This was his second marriage. It was Ms. Nicola's first marriage. The parties are of Egyptian descent: Ms. Nicola was born and raised in Cairo, and only came to America upon her marriage. She has a degree in archaeology from the University of Cairo, and worked for a museum in Egypt prior to her marriage. She largely remained a homemaker following her marriage, but since the filing of the divorce, has earned her degree as an STNA, and makes $9.00 per hour, usually working 20 hour weeks, for an assisted living facility.

2

{¶5} Considerable evidence was adduced at trial that Ms. Nicola has suffered domestic violence at Mr. Nicola's hands. He was once jailed for it. Mr. Nicola testified that his wife's versions of these events were exaggerated.

{¶6} Other relevant facts are dealt with under the appropriate assignment of error.

{¶7} A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶8} No trial transcript was filed in this case. Consequently, both the trial court, and this court, are required to consider the facts as found by the magistrate to be established. *Doane v. Doane*, 5th Dist. Guernsey No. 00CA21, 2001 Ohio App. LEXIS 2029, *10 (May 2, 2001). Both the trial court, and this court, are constricted to reviewing whether the magistrate correctly applied the law to those facts. *Tierney v. Tierney*, 11th Dist. Trumbull No. 2008-T-0104, 2009-Ohio-2438, ¶22.

{¶9} Mr. Nicola assigns four errors. We consider them out of order.

{¶10} Mr. Nicola's second assignment of error states: "The trial court erred in denying appellant authority to make medical decisions regarding his minor children."

Mr. Nicola argues the trial court abused its discretion by giving Ms. Nicola control of non-emergency medical decisions regarding their children. The magistrate recommended that Ms. Nicola be legal custodian and residential parent for the minor children. However, it further recommended Mr. Nicola have the power to make non-emergency medical decisions. In doing so, the magistrate observed that Ms. Nicola was more likely to take the children to the doctor, but that she did not always follow their advice. In particular, the magistrate noted Ms. Nicola's limited proficiency in English, and held that Mr. Nicola was better suited to understanding and implementing medical advice regarding the children.

{¶11} In rejecting the magistrate's decision on this issue, the trial court reiterated the fact that Ms. Nicola is more open to seeking medical advice.

{¶12} Mr. Nicola argues the trial court's judgment was based solely on interpretation of facts. Ms. Nicola responds that as legal custodian and residential parent, she is legally invested with the right to make medical decisions pursuant to R.C. 3109.04(A)(1).

{¶13} For obvious reasons, the legal custodian and residential parent of children in divorce proceedings is normally vested with the power to make non-emergency medical decisions. However, this is not a requirement of the law. The power may be shared between the legal custodian and residential parent, and the other parent. *See, e.g.*, *Agarwal v. Bansal*, 10th Dist. Franklin No. 00AP-732, 2001 Ohio App. LEXIS 1505, *2-3 (March 30, 2001). Nevertheless, in this case, there were sufficient facts in the magistrate's decision upon which the trial court could reach a different conclusion of law than he did – i.e., that Ms. Nicola is actually the parent most likely to take the children to

4

a doctor. A trial court does not abuse its discretion in reaching different legal conclusions than its magistrate, even in the absence of a trial transcript, if its conclusions are based solely on the facts found by the magistrate.

{¶14} The second assignment of error lacks merit.

{¶15} For his third assignment of error, Mr. Nicola states: "The trial court erred in ordering appellant to pay child support of $392.24 per month per child to appellee." Mr. Nicola argues the trial court erred by recalculating Ms. Nicola's income for child support purposes.

{¶16} The home in which the Nicolas lived is Mr. Nicola's separate property, free from any mortgage. The children's counselors advised strongly that the children remain in the same environment. Mr. Nicola pays approximately $480 per month in real estate taxes and insurance on the house. The magistrate observed that it would be a considerable expense for Ms. Nicola to obtain an appropriate apartment in the same area. Consequently, he recommended that she and the children be allowed to remain in the house for 48 months from the entry of the final decree of divorce, and that the $480 monthly tax and insurance payments be added to her income for child support purposes, evidently in lieu of rent.

{¶17} In rejecting the magistrate's decision on this point, the trial court observed that the realty tax payments and insurance premiums were not income to Ms. Nicola. Mr. Nicola argues they are an obvious benefit to her; Ms. Nicola responds that since the house is his separate property, he is required to make these payments in any case.

{¶18} Neither party cites any law to us on this issue. However, Mr. Nicola would be obliged to make the realty tax and insurance payments on the house in any case.

5

We find no basis for altering the trial court's determination that these payments are not income to Ms. Nicola.

{¶19} Ms. Nicola receives food stamps valued at $149 per month, and the magistrate included this in her income for child support purposes. The trial court rejected this proposition, citing to R.C. 3119.01(C)(7)(a), which provides that gross income for child support calculations does not include any means-tested government assistance program. This is correct: Ms. Nicola's income for child support purposes should not include the value of the food stamps she receives.

{¶20} Finally, the magistrate recommended that Mr. Nicola be responsible for any house repairs over $500, and included this amount in the calculation of her income. The trial court rejected the conclusion that this was part of Ms. Nicola's income. Mr. Nicola does not point to anything in the record indicating exactly what repairs the house requires, or that such expensive repairs are a yearly requirement. Consequently, we affirm the trial court on this point.

{¶21} The third assignment of error lacks merit.

{¶22} For his fourth assignment of error, Mr. Nicola states: "The trial court erred ordering appellant to pay to appellee the sum of $37,173 as and for her attorney fees." Mr. Nicola argues the trial court erred in ordering he pay the whole of Ms. Nicola's attorney fees, $37,173. Each party had requested the other pay all attorney fees. Noting that Mr. Nicola's income is some five times that of Ms. Nicola, and that he has almost $1,000,000 dollars in assets as separate property, the magistrate recommended Mr. Nicola pay all of his own fees, and that he pay $25,000 of Ms. Nicola's fees, in addition to $3,500 he had paid toward them during the course of trial. The trial court

6

rejected this, relying not merely on the disparity of income and assets between the parties, but also on the basis that Mr. Nicola's conduct lengthened the proceedings and imposed further costs on Ms. Nicola. In particular, the trial court chastised Mr. Nicola for seeking a shared parenting plan. Mr. Nicola had relied at trial on the testimony of Dr. Nancy Hunstman, Ph.D., a psychological expert, who was strongly in favor of shared parenting, even though she admitted the situation of the parties did not meet the statutory requirements for instituting such a plan. The trial court, therefore, found Mr. Nicola's reliance on Dr. Huntsman improper.

{¶23} R.C. 3105.73 provides, in pertinent part:

{¶24} "(A) In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

{¶25} An award of attorney fees under R.C. 3105.73(A) is reviewed for abuse of discretion. *Katz v. Katz*, 10th Dist. Franklin Nos. 13AP-409 and 13AP-417, 2014-Ohio-1255, ¶35. An award of attorney fees may be appropriate if there is a wide disparity in the incomes of the parties. *See, e.g.*, *Howell v. Howell*, 167 Ohio App.3d 431, 2006-Ohio-3038, ¶61 (interpreting former R.C. 3105.18(H)). When the conduct of one party leads to increased legal fees for the opposing party in a divorce, that may justify an award of attorney fees. *Katz*, *supra*, at ¶36.

{¶26} In this case, there is a large disparity between the incomes and assets of the parties, facts found by the magistrate. Further, the magistrate ultimately rejected Dr. Huntsman's position that shared parenting, as favored by Mr. Nicola, was appropriate. It appears on the face of the magistrate's decision that considerable time and effort at trial was devoted to Dr. Huntsman's testimony, thus increasing Ms. Nicola's legal expenses. Based on these facts, appearing on the face of the magistrate's decision, the trial court did not abuse its discretion in concluding that Ms. Nicola was entitled to a full award of her attorney fees.

{¶27} The fourth assignment of error lacks merit.

{¶28} Mr. Nicola's first assignment of error states: "The trial court erred in granting appellee's objections to the magistrate's decision and modifying the recommendations of the magistrate." Mr. Nicola argues the trial court, in the absence of a transcript, erred by reweighing facts found by the magistrate, rather than confining itself to reviewing the law applied. Mr. Nicola cites to no instances not covered by the other assignments of error. Consequently we deem this assignment of error moot. App.R. 12(A)(1)(c).

{¶29} The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


DIANE V. GRENDELL, J.,

CYNTHIA WESTCOTT RICE, J.,

concur.


8