[Cite as *Pieczonka v. Pieczonka*, 2017-Ohio-8899.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| TODD A. PIECZONKA, | : | APPEAL NO. C-170173 |
| | | TRIAL NO. DR1201697 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| JOANNA N. PIECZONKA, | : | |
| Defendant-Appellee. | : | |


Appeal From:  Hamilton County Court of Common Pleas, Domestic Relations
  Division

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 8, 2017

*David F. Robertson, Jr.*, for Plaintiff-Appellant,

*Cathy R. Cook* and *Ethan J. Arenstein*, for Defendant-Appellee.

**ZAYAS, Judge.**

{¶1} Todd Pieczonka ("father") appeals the trial court's March 24, 2017 decision adopting the magistrate's January 4, 2017 decision regarding his motion to modify an award of child support to Joanna Pieczonka ("mother") for their minor children. Because we hold that the trial court abused its discretion in adopting the magistrate's decision, we reverse its judgment and remand the cause for further proceedings.

## *Background*

{¶2} Father and mother married in 2002 and had two children. Father filed for divorce on August 24, 2012, and the trial court granted the divorce on August 15, 2013. As part of the divorce decree, the parties entered into a shared-parenting plan that ordered father to pay child support to mother for their minor children.

{¶3} On August 19, 2015, father filed a motion to modify the shared-parenting plan. Included in that motion was a "request that child support be reviewed." On November 14, 2016, the parties modified the shared-parenting plan in an agreed entry that settled all of the parties' then-disputed matters aside from child support. The magistrate held hearings on child support on November 8, 2016, and November 23, 2016.

{¶4} Following the hearings, the magistrate issued a decision with findings of fact and conclusions of law on January 4, 2017. In her findings of fact, the magistrate noted that mother's annual income had increased approximately 35 percent from $23,814 in 2013 to approximately $32,000 for 2015 and 2016. The magistrate also noted that mother had remarried and that mother was now responsible for the children's health insurance. The magistrate found that a downward deviation in child support was in the children's best interest. The

2

magistrate made the child support order "effective Nov. 14, 2016, the date of the Agreed Entry that actually modified the Shared Parenting Plan," finding that "[p]rior to that entry, there is no evidence that there was a change in circumstance since the original order was issued."

{¶5} Father filed objections to the magistrate's decision, claiming, among other things, that the magistrate erred in choosing November 14, 2016, as the effective date of the child-support order because she "over looked [sic] * * * dramatic changes" to the parties' circumstances that occurred prior to that date. The trial court overruled the objections and adopted the magistrate's decision on March 24, 2017. Father timely appealed.

### Assignments of Error

{¶6} Father brings two assignments of error. The first is that the trial court "abused its discretion in failing to make an independent review of the magistrate's decision." The second is that "[t]he trial court abused its discretion in failing to identify obvious errors in the magistrate's decision and make the modification of the child support order retroactive to the date of the filing of the motion to modify." We address father's second assignment of error first.

### Standard of Review

{¶7} "The standard of review for a trial court's decision to adopt, or not to adopt, a magistrate's decision, is whether the trial court abused its discretion. * * * [A]n abuse of discretion connotes an arbitrary, unreasonable, or unconscionable decision by the trial court. Unreasonable means that no sound reasoning process supports the decision." *In re Estate of Knowlton*, 1st Dist. Hamilton No. C-050728, 2006-Ohio-4905, ¶ 43.

{¶8} A court's reasoning process is not "sound," and is therefore unreasonable, when it relies on incorrect facts. *See Trenkamp v. Trenkamp*, 1st Dist. Hamilton No. C-000203, 2000 WL 1760504, *5 (Dec. 1, 2000) (holding that the trial court abused its discretion in adopting the magistrate's decision where no evidence supported the magistrate's conclusions); *Chuang Dev. L.L.C. v. Raina*, 2017-Ohio-3000, __ N.E.3d ____, ¶ 27 (10th Dist.), quoting *PHH Mtge. Corp. v. Ramsey*, 2014-Ohio-3519, 17 N.E.3d 629, ¶ 14 (10th Dist.), quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.) (" 'An abuse of discretion may be found when the trial court * * * "relies on clearly erroneous findings of fact." ' ").

### The Trial Court Abused Its Discretion

{¶9} The magistrate decided that the modification of child support should be made retroactive to November 14, 2016, the date of the agreed entry. In choosing this date, the magistrate stated, "Prior to [November 14, 2016], there is no evidence that there was a change of circumstance since the original order was issued." However, the reliance that there was "*no* evidence" of "a change of circumstance" from August 15, 2013, to November 14, 2016, is contradicted by the findings of fact. For example, the magistrate noted that mother's personal income had increased approximately 35 percent between the time of the divorce and the time of the agreed entry.

{¶10} Because the nexus relied upon by the magistrate to determine the date that the modification was to commence was clearly erroneous, the trial court abused its discretion in adopting the magistrate's decision. We therefore sustain father's second assignment of error. Having sustained this assignment of error, we need not consider his first assignment of error. *See* App.R. 12(A)(1)(c).

## *Conclusion*

{¶11}    Because the trial court abused its discretion in adopting the magistrate's decision, we reverse the trial court's judgment and remand this case for the trial court to consider the objections consistent with the law and this opinion.

Judgment reversed and cause remanded.

CUNNINGHAM, P.J., and MYERS, J., concur.

Please note:

This court has recorded its own entry this date.