[Cite as *Hirst v. Richards*, 2019-Ohio-411.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

|  |  |  |
|---|---|---|
| MARK HIRST d.b.a.<br>HIRST CONSTRUCTION | : | **O P I N I O N** |
| Plaintiff/<br>Cross-Appellee, | : | |
| | : | **CASE NO. 2017-P-0086** |
| - vs - | : | |
| JOSEPH J. RICHARDS, et al. | : | |
| Defendants/<br>Cross-Appellants. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2012 CV 00926.

Judgment: Affirmed.


*William G. Simon*, 213 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff/Cross-Appellee).

*Frank J. Cimino,* 250 South Chestnut Street, Suite 18, Ravenna, OH 44266 (For Defendants/Cross-Appellants).


COLLEEN MARY O'TOOLE, J.

{¶1} Joseph J. Richards and Sheri Richards appeal from the judgment entry of the Portage County Court of Common Pleas, adopting in part, and modifying in part, the decision of its magistrate in a construction contract dispute. The Richards had hired Mark Hirst, dba Hirst Construction, to renovate their house. Eventually, Mr. Hirst brought an

action against them for monies unpaid under the contract. They counterclaimed for alleged defects in the work done. The magistrate entered judgment for the Richards, but not Mr. Hirst. He filed objections, which the trial court found meritorious in part. The trial court made a full award of all damages sought by the Richards to them, but offset that by monies owed to Mr. Hirst under the contract, and the Richards timely noticed appeal. Finding no reversible error, we affirm.

{¶2} In 2010, the Richards purchased a house located at 11546 Brosius Road, Garrettsville, in Portage County, Ohio. The house had been built for the Amish, and lacked any plumbing and electricity; the second story was completely unfinished. Mr. Hirst was an old friend of Mrs. Richards, so the couple hired him to do the renovations in June 2010. A loan was arranged with Wells Fargo Bank in July 2010. David Bell was hired by the Richards from a list of approved HUD 203K consultants. His approval was required for Mr. Hirst to obtain partial payment, or "draws," from Wells Fargo as the work progressed.

{¶3} The project commenced in the early Spring of 2011, and ended in November of that year. Mr. Bell conducted periodic inspections, and always approved the work done. Further the Portage County Health Department approved the electrical and plumbing installations, and an occupancy permit was issued by the county building department. Payment was always received by Mr. Hirst from Wells Fargo, except for $29,679 due for extra labor and materials outside the contract.

{¶4} The Richards did not pay Mr. Hirst for his extra expenses, so he filed an action against them in August 2012. The Richards answered and counterclaimed in

2

October 2012. Mr. Hirst replied; and the Richards filed an amended answer and counterclaim. Discovery ensued.

{¶5} Bench trial was had before the magistrate February 17, 2016. Mr. Hirst testified on his own behalf. Greatly at issue were his exhibits 6 and 7, two of Mr. Hirst's invoices. On cross examination, the Richards' counsel drew Mr. Hirst's attention to alleged inaccuracies and duplications between the two invoices. Generally, Mr. Hirst explained these by testifying that some charges were for extras not contemplated in the contract; that in other cases, he gave the Richards money to pay for items directly; and that in other cases, one invoice might reflect costs for labor, while the other might reflect costs for materials. He testified he offered to remediate any problems the Richards were experiencing, but that they refused.

{¶6} The Richards testified on their own behalf as to the numerous problems with Mr. Hirst's work.

{¶7} Paddy Mulloy, a housing inspector, also testified for the Richards. He inspected the house in February 2014, and prepared a written report. He found numerous serious problems. The railing for the staircase was loose. Ceramic tiles on the floor were missing, or cracked. The wood floor installed by Mr. Hirst had many gaps between the planks. The three bathrooms were nearly unusable. In one, Mr. Hirst's subcontractors had failed to install a foundation for the bathtub, which was sinking.

{¶8} Michael Ware is a contractor hired by the Richards in October or November of 2011. He testified to the same problems found by Mr. Mulloy. His estimate of the cost to remediate Mr. Hirst's work, as of November 2011, was $55,345.

{¶9}    Mr. Bell, the bank inspector, also testified for the Richards. While he had signed off on the project in 2011, he visited the house again, evidently in 2015, and was shocked at the conditions. He testified to the same problems found by Mr. Mulloy and Mr. Ware.

{¶10} The magistrate issued her decision July 1, 2017. She found for the Richards in the amount of $50,000, plus interest and court costs. She found nothing on Mr. Hirst's claim. The trial court adopted the decision that same day.

{¶11} Mr. Hirst filed objections. October 19, 2017, the trial court filed its judgment entry on the objections. It found in favor of Mr. Hirst on the full amount of his claim. It also found in favor of the Richards on the full amount of their claim. The trial court offset the awards, resulting in an award of 25,666, plus interest and costs to the Richards.

{¶12} The Richards timely appealed assigning a single error:

{¶13} "The trial court erred to the prejudice of the defendant-appellees/cross appellants when it simply added plaintiff's exhibits 6" and "7" together to determine the amount plaintiff-appellant/cross appellee was entitled to without analyzing the duplicity of each exhibit and testimony of the parties in relation to the validity of the amounts alleged in said plaintiff's exhibits "6" and "7." [1]

{¶14} We review a trial court's judgment adopting, modifying, or rejecting its magistrate's decision for abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678

---

1. Initially, Mr. Hirst also appealed, but that appeal has been voluntarily dismissed.

4

(1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

{¶15} Applying these standards, we cannot find the trial court abused its discretion. The Richards point to the alleged discrepancies between plaintiff's exhibits 6 and 7 – but as we noted above, Mr. Hirst gave plausible explanations for most at trial. The Richards point to the unopposed testimony of Mr. Mulloy, Mr. Ware, and Mr. Bell regarding the poor workmanship in the house. However, they ignore the fact Mr. Hirst offered to remediate, and they refused. Thus, the record supports they failed to mitigate their damages. They further ignore the fact that the bank inspector, Mr. Bell, signed off on the good quality of the workmanship throughout the project, and that the appropriate county authorities approved the electrical and plumbing installations, and issued an occupancy permit. Thus, the record supports, on these bases, the trial court's conclusion that Mr. Hirst deserved his money.

{¶16} The assignment of error lacks merit.

{¶17} The judgment of the Portage County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J., concurs in judgment only,

THOMAS R. WRIGHT, P.J., concurs in judgment only in part and dissents in part with a Concurring/Dissenting Opinion.

_____


THOMAS R. WRIGHT, P.J., concurs in judgment only in part and dissents in part with a Concurring/Dissenting Opinion.

{¶18} Regarding the $2,658.05 for additional plumbing work, $3,827.89 for additional electrical work, and $3,000 for additional heating work included in the judgment for appellee, appellants presented unequivocal evidence that they, not appellee, separately paid for these. Therefore, those amounts should not have been included in the judgment for appellee.

{¶19} Concerning the additional plumbing and electrical work, appellants introduced two canceled checks establishing that they made direct payment to the plumber and the electrician. As to the additional heating work, they reference a notation on appellee's own exhibit stating that Sheri Richards made direct payment to the heating contractor.

{¶20} Therefore, the judgment includes $9,485.94 to which appellee is not entitled and it should be reduced by this amount. Accordingly, I concur in judgment only in part and dissent in part.