SCHIAVONE, Appellee,

v.

SCHIAVONE, Appellant.

[Cite as *Schiavone v. Schiavone* (1998), 126 Ohio App.3d 780.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA97–02–033.

Decided March 23, 1998.

*Francine Schiavone,* pro se.

*H. Vincent Walsh,* for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Defendant-appellant, Dennis J. Schiavone, appeals a decision by the Butler County Court of Common Pleas, Division of Domestic Relations. We reverse the trial court's decision and remand the matter for further proceedings consistent with this opinion.

Appellant and plaintiff-appellee, Francine Schiavone, were married on December 27, 1969. Appellee filed a complaint for divorce on November 23, 1994, alleging that the parties were incompatible. The trial court filed a judgment entry and final decree of divorce on January 14, 1997. As part of its order, the trial court awarded appellee as property settlement $39,058.66, which represented one-half of the then present value of appellant's Public Employee Retirement System ("PERS") account. The court ordered appellant to pay appellee at the rate of $600 per month until the total of $39,058.66 was paid in full. The court also added the following sentence:

"The Court further orders that in the event [appellant] should attempt to discharge in bankruptcy the property settlement order herein as to his Public Employees Retirement System Account, the Court hereby reserves the right to modify this order and to make further disposition of [appellant's] Public Employees Retirement System Account."

Appellant appeals the trial court's decision and presents one assignment of error:

"The trial court erred by retaining jurisdiction over the distributive award of the marital assets in violation of 3105.171(I)."

Appellant argues that the trial court erred in retaining jurisdiction over the disposition of his PERS account. Appellant claims that such a reservation is contrary to law and extremely prejudicial.

■ Pension and retirement benefits acquired by either spouse during the marriage are marital assets that must be considered in arriving at an equitable division of marital property. *Ricketts v. Ricketts* (1996), 109 Ohio App.3d 746, 751, 673 N.E.2d 156. R.C. 3105.171 provides guidelines for the trial court when dividing marital and separate property. R.C. 3105.171(I) states: "A division or disbursement of property or a distributive award made under this section is not subject to future modification by the court." We have also stated that "a trial court may not retain continuing jurisdiction to modify a prior division of marital or separate property in a divorce action." *Haller v. Haller* (Mar. 18, 1996), Warren App. No. CA95-06-063, unreported, at 9, 1996 WL 116140, following *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 350 N.E.2d 413, paragraph one of the syllabus; *Bean v. Bean* (1983), 14 Ohio App.3d 358, 14 OBR 462, 471 N.E.2d 785;

Farley v. Farley *(Apr. 6, 1994)*, *Loraine App. No. 93CA005663, unreported, 1994 WL 117119.* See, also, Ricketts v. Ricketts *(1996), 109 Ohio App.3d 746, 751, 673 N.E.2d 156, 159–160;* Benson v. Benson *(Jan. 16, 1998), Clark App. No. 97–CA–0009, unreported, at 6, 1998 WL 28002.*

 In the present case, the trial court attempted to retain jurisdiction to modify the order of appellant to pay appellee $39,058.66 "in the event [appellant] should attempt to discharge in bankruptcy the property settlement order herein as to his Public Employees Retirement System Account." The key phrase used in the trial court's opinion was "the Court hereby reserves the right to modify this order and to make further disposition." The use of the word "disposition" implies further proceedings that could be broader than a simple enforcement of the court's award of $39,058.66. While the trial court retains its ability to enforce its division of marital property, the trial court may not reserve the right to modify the order, pursuant to the plain language of R.C. 3105.171(I).[1]

Accordingly, we find that the trial court erred in attempting to retain jurisdiction over the division of the PERS account. Appellant's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

KOEHLER, J., concurs.

WALSH, J., dissents.

WALSH, Judge, dissenting.

The decree entered in this case states that the court will modify its award of one-half of appellant's PERS pension account only "in the event [appellant] should attempt to discharge in bankruptcy the property settlement order herein as to his Public Employees Retirement System Account." While the decree says that "the Court hereby reserves the right to modify this order," the main thrust of the language used is not to reserve power to change the amount awarded but to deprive appellant of the means to defeat the award by declaring bankruptcy. Thus, the only reasonable interpretation is that a modification of the amount of the award is not intended but a reservation of power to enforce the payment is intended. This seems to me to be outside the limitations of R.C. 3105.171(I), and therefore I dissent.

---

1. Even if the trial court could retain jurisdiction to modify its order, if appellant attempted to discharge the debt through bankruptcy, it is possible that appellant would not be allowed to discharge the debt pursuant to Section 523(a)(15), Title 11, U.S.Code. *In re McCafferty* (C.A.6, 1996), 96 F.3d 192, 195, fn. 1.