OPINION
On September 30, 1995, the trial court entered a decree of divorce terminating the common law marriage of Pauline H. Hall and M. Wayne Forsyth. The decree divided as marital property mutual fund shares that M. Wayne Forsyth owned but had concealed, retaining jurisdiction to determine the value of Pauline H. Hall's share when Forsyth disclosed their value.
On April 8, 1999, Pauline H. Hall asked the court to award her an interest in certain mutual funds that M. Wayne Forsyth owned when they were divorced, the value of which had since been disclosed. A hearing was held, and the court thereafter awarded Pauline H. Hall $14,476.04 as and for her share. M. Wayne Forsyth filed a timely notice of appeal from that order.
 FIRST ASSIGNMENT OF ERROR THE MAGISTRATE JUDGE'S DECISION IS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND OHIO LAW, OHIO REVISED CODE, R.C. 3105.171(C)(1) WITH MARITAL PROPERTY BEING DEFINED IN 3105.171(A)(3)(a)(i). REFERENCE: TRANSCRIPT OF PROCEEDINGS OF 7 JANUARY 2000 FILED 5 APRIL 2000. PAGE 14-16. TRANSCRIPT OF PROCEEDINGS ON 23 FEBRUARY 1993 FILED 24 SEPTEMBER 1993. PAGES 64-65.
 SECOND ASSIGNMENT OF ERROR THE MAGISTRATE JUDGE'S DECISION IS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND OHIO LAW, OHIO REVISED CODE, R.C. 3105.171 (C)(1) WITH MARITAL PROPERTY BEING DEFINED IN 3105.171(A)(3)(a)(ii). REFERENCE: TRANSCRIPT OF PROCEEDINGS OF 7 JANUARY 2000 FILED 5 APRIL 2000, PAGE 14-16. TRANSCRIPT OF PROCEEDINGS ON 23 FEBRUARY 1993 FILED 24 SEPTEMBER 1993, PAGE 64-65.
M. Wayne Forsyth objects in these assignments of error that the trial court erred when, in the 1999 proceeding brought by Pauline H. Hall, the court failed to also divide an IRA retirement account that Pauline H. Hall owned when the parties were divorced in 1995. Forsyth contends that the existence of the account was made known to the court during the 1995 divorce proceedings, but the court then failed to divide it.
A retirement account owned by either of the parties is a marital asset that the court must divide as marital property when it enters a decree of divorce, if and to the extent that the account was acquired during the marriage. R.C. 3105.171(A) and (B). Ricketts v. Ricketts (1996),109 Ohio App.3d 746. However, paragraph (I) of R.C. 3105.171 states: "[a] division or disbursement of property . . . made under this section is not subject to future modification by the court." Also see, Wolfe v. Wolfe (1976), 46 Ohio St.2d 399 . That limitation on the court's power to modify its order is jurisdictional. See Article IV, Section 4(B), Ohio Constitution.
Per R.C. 3105.171(I), the trial court lacked jurisdiction to modify its 1995 divorce decree after it was final to divide any marital property of the parties that it had not divided in the divorce decree. Therefore, even if the court had failed to divide Pauline H. Hall's IRA in its 1995 decree, the court could not modify that decree in 1999 to divide the account. Neither could the court retain jurisdiction to determine whether the account was a marital asset and then divide it. Schiavone v. Schiavone (1998), 126 Ohio App.3d 780.
No error or abuse of discretion is demonstrated. The assignments of error are overruled.
FAIN, J., concurs.
BROGAN, J., concurring:
I agree that this court must affirm the trial court's judgment because the appellant was duty bound to raise the issue of the trial court's failure to divide Mrs. Hall's retirement account on direct appeal of the 1995 judgment. Having failed to do so, appellant is now barred from raising that issue in this appeal by the defense of res judicata.