[Cite as *Patterson v. Godale*, 2014-Ohio-5615.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DAVID N. PATTERSON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2014-L-034 and 2014-L-042** |
| WILLIAM GODALE, | : | |
| Defendant-Appellant. | : | |

Civil Appeals from the Lake County Court of Common Pleas, Case No. 13 CV 000652.

Judgment: Affirmed.

*David Patterson,* pro se, 33579 Euclid Avenue, Willoughby, OH 44094 (For Plaintiff-Appellee).

*William Godale,* pro se, 8216 Mayfield Road, Chesterland, OH 44026 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} William Godale appeals from the judgment of the Lake County Court of Common Pleas, entered on a jury verdict, awarding David N. Patterson $12,423.75 on his claim for breach of contract, quantum meruit, or unjust enrichment. That verdict was offset by the jury's award of $5,650 to Mr. Godale on his counterclaim for unjust enrichment, for a net judgment of $6,773.75. Mr. Godale contends the trial court's judgment is against the manifest weight of the evidence, and premised on insufficient

evidence. He further contends the trial court abused its discretion by failing to grant him a new trial. Finding no error, we affirm.

{¶2} January 3, 2013, Mr. Patterson filed his complaint in the Willoughby Municipal Court, alleging breach of contract, quantum meruit, and unjust enrichment, due to Mr. Godale's failure to pay him for legal services rendered. Mr. Patterson is an attorney of longstanding. Mr. Godale filed a motion to dismiss, which the municipal court denied. Mr. Godale then answered, denying all of Mr. Patterson's claims, and counterclaiming for $100,000 for lost rentals on a 1991 Ford New Holland Skid Steer, which he lent Mr. Patterson in 2007. The Skid Steer is a piece of equipment used to lift and move heavy items, similar to a Bobcat. The matter was transferred to the Lake County Court of Common Pleas.

{¶3} Extensive motion practice ensued. Difficulties in obtaining discovery between the parties eventually required the trial court to appoint Attorney Walter J. McNamara, III, as special master to supervise depositions. The matter came on for jury trial February 24, 2014. The case was submitted to the jury February 26, 2014, and the jury returned the same day with the verdict described above. The trial court entered judgment February 28, 2014, and Mr. Godale timely appealed, that being 11th Dist. Case No. 2014-L-034. Mr. Godale also moved the trial court for a new trial, which the court denied. Mr. Godale timely appealed that judgment, which became 11th Dist. Case No. 2014-L-042. This court consolidated the cases for all purposes.

{¶4} Mr. Patterson had represented Mr. Godale in a long running zoning dispute with Chester Township, Geauga County, Ohio. In 2007, Mr. Godale contacted Mr. Patterson to represent him in *Godale v. Capital City Motor Coach*, Summit C.P. No.

2

CV-2006-03-1748. Mr. Patterson conducted a three day jury trial, resulting in a verdict of $10,222.83 in Mr. Godale's favor. Considerable post judgment motion practice ensued, and Capital City attempted an appeal to the Ninth District.

{¶5} Mr. Patterson testified there was a written contract between himself and Mr. Godale, encompassing a $2,500 retainer, and an hourly fee of $200 once that was exhausted. He admitted he had no copy of the contract. He testified he returned the file to Mr. Godale at some point, and believed the contract remained in the file. Mr. Patterson entered as evidence his copies of the monthly billings on the case to Mr. Godale. He and two of his office assistants, Kelly Schultz and Cynthia Clifton, testified it was the office's normal practice to bill cases monthly. Mr. Patterson testified extensively about his experience as an attorney, and the work put into the Summit County case. Ms. Schultz and Ms. Clifton each testified they could not specifically recall the contract in question, but that it was the office's normal practice to use one.

{¶6} Mr. Godale testified he never signed a contract with Mr. Patterson. He testified he never received the monthly billings. He testified it was his understanding that Mr. Patterson would pursue the judgment against Capital City Motor Coach, and satisfy his fees from that. Mr. Patterson testified he gave Mr. Godale a certified copy of the judgment entry and the names of attorneys in Indiana. Capital City Motor Coach is an Indiana corporation. Mr. Patterson testified that Mr. Godale was to collect the judgment himself.

{¶7} In the fall of 2007, Mr. Godale lent Mr. Patterson the Skid Steer for use on Mr. Patterson's farm. Mr. Godale testified he did so in thanks for Mr. Patterson's work on the Summit County case, and that he expected the machine to be returned in a few

3

months. It was not, and eventually, Mr. Godale became involved in various disputes with Mr. Patterson's tenant on the farm, Kristen Ropp. Ms. Ropp testified the machine was there when she commenced her tenancy, and that since Mr. Godale never presented her proof of ownership, she retained the Skid Steer. At one point, Mr. Patterson came to the farm after Ms. Ropp called the police on Mr. Godale. Both men wrote complaints against each other. Over objection, the trial court allowed Mr. Godale to enter into evidence the complaint written that day by Mr. Patterson. In it, he averred Mr. Godale had given him the Skid Steer as compensation for his work on the Summit County case. Mr. Patterson testified he wrote that in anger, but it was not true.

{¶8} Mr. Godale assigns three errors. The first is: "The trial court judgment is against the manifest weight of the evidence." He presents a single issue for review:

{¶9} "Is a trial court judgment rendered by a jury against the manifest weight of evidence for a claim of breach of contract when the complaining party does not have a contract, confirmation of a meeting of the minds, when there is nothing more than an allegation bills were sent to the other party who has no knowledge about them?

{¶10} "The answer is no!"

{¶11} Mr. Godale argues the fundamental elements of a contract were not proved by Mr. Patterson. He notes that no actual copy of the contract was introduced at trial; that Mr. Patterson and his assistants could not specifically recollect the contract; and, that he denied ever entering into a contract.

{¶12} "Initially, we note that the Supreme Court of Ohio has clarified the analysis used to determine whether judgments in civil cases are against the manifest weight of the evidence. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶12-23, * * *.

4

In *Eastley*, the Supreme Court noted that most of Ohio's appellate courts applied the analysis set forth in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, * * *. *Eastley* at ¶14. In *C.E. Morris*, the court held: 'Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' *C.E. Morris* at the syllabus. As the court in *Eastley* observed, this is the standard applicable to determining the sufficiency of the evidence underpinning a judgment. *Id.* at ¶14. The court held that the proper analysis for determining challenges to the manifest weight of the evidence is the same in civil and criminal cases, and that *State v. Thompkins*, 78 Ohio St.3d 380, * * * (1997) applies to both. *Id.* at ¶17-20. The court quoted with approval the following language used by the Ninth Appellate District:

{¶13} "'"The (reviewing) court (* * *) weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the (finder of fact) clearly lost its way and created such a manifest miscarriage of justice that the (judgment) must be reversed and a new trial ordered."' (Alterations made in *Tewarson*) *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, * * *(* * *) (9th Dist.2001) * * *, quoting *Thompkins*, 78 Ohio St.3d at 387, (* * *), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, * * *(* * *) (1st Dist.1983).' (Parallel citations omitted.) *Eastley* at ¶20.

{¶14} "The court in *Eastley* further observed that in weighing the evidence in civil cases, courts of appeals must make every presumption in favor of the finder of fact, and construe the evidence, if possible, to sustain the judgment of the trial court. *Id.* at ¶21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, * * * (1984)."

5

(Parallel citations omitted.) *Avery Dennison Corp. v. TransAct Technologies, Inc.*, 11th Dist. Lake No. 2012-L-132, 2013-Ohio-4551, ¶20-22.

**{¶15}** Regarding this first assignment of error, we note that Mr. Patterson's complaint sounded in quantum meruit and unjust enrichment, as well as breach of contract.

**{¶16}** "Quantum meruit is an equitable remedy giving 'rise to obligations imposed by law, irrespective of the intentions of the parties, in order to prevent an injustice when one party retains a benefit from another's labors.' (Internal quotations and citations omitted.) *In re Suchodolski*, 9th Dist. Lorain No. 10CA009833, 2011-Ohio-6333, ¶8, quoting *In re Estate of Kirkland*, 175 Ohio App.3d 73, 2008-Ohio-421, ¶23, * * * (2d Dist*.). 'Quantum meruit* is generally awarded when one party confers some benefit upon another without receiving just compensation for the reasonable value of services rendered.' (Emphasis sic.) *Aultman Hospital Ass'n v. Community Mut. Ins. Co.*, 46 Ohio St. 3d 51, 55, * * * (1989). To prevail on a claim of quantum meruit, a plaintiff is required to show '(1) a benefit has been conferred by (the) plaintiff upon (the) defendant; (2) the defendant had knowledge of the benefit; and (3) the defendant retained the benefit under circumstances where it would be unjust to do so without payment.' *In re Suchodolski* at ¶8, quoting *Bldg. Industry Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 2009-Ohio-1910, ¶16, * * * (9th Dist)." (Parallel citations omitted.) *J. Bowers Constr. Co., Inc. v. Gilbert*, 9th Dist. Summit No. 27044, 2014-Ohio-3576, ¶10.

**{¶17}** In this case, both parties agreed Mr. Godale asked Mr. Patterson to represent him in the Summit County case. Mr. Patterson prepared for and conducted a

6

three day jury trial, with considerable post judgment motion practice. He won the case. Thus, he bestowed a benefit on Mr. Godale, of which the latter was certainly aware, and for which Mr. Patterson did not receive compensation. Mr. Patterson testified about his experience as an attorney; about the time and effort expended in the case; and about his billing rates. A jury might easily find his claim valid on the basis of quantum meruit. There is no indication it lost its way in awarding Mr. Patterson the fees sought. The judgment of the trial court is not against the manifest weight of the evidence.

**{¶18}** The first assignment of error lacks merit.

**{¶19}** The second assignment of error is: "The trial court judgment is not supported by the sufficiency of the evidence." The issue presented for review is:

**{¶20}** "Is a trial court judgment rendered by a jury supported by sufficient evidence for a breach of contract claim where there is no contract, no consideration, no meeting of the minds?

**{¶21}** "The answer to the question is no!"

**{¶22}** Again, Mr. Godale asserts Mr. Patterson failed to present evidence on all of the elements of a contract claim.

**{¶23}** A finding that a judgment is not against the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶32. Having determined the judgment in Mr. Patterson's favor is not against the manifest weight of the evidence, we further conclude it is supported by sufficient evidence.

**{¶24}** The second assignment of error lacks merit.

7

{¶25} The third assignment of error is: "The trial court abused its discretion by the denial of the motion for a new trial." The issue presented for review is:

{¶26} "Does a trial court abuse its discretion by denying a timely motion for a new trial in a breach of contract claim when there is no contract, consideration, meeting of the minds, a failure to join indispensable parties, failure to allow the jury to see all of the evidence. And when there is an established counterclaim for unjust enrichment, and excessive verdict and request for remittiture (sic) as set forth in the trial court motion that was denied?

{¶27} "The answer is yes!"

{¶28} Mr. Godale argues Mr. Patterson failed to prove a contract. He argues that Capital City Motor Coach and Joseph McGrath, who attempted to appear in this matter on appeal (and was denied leave), were indispensable parties. He evidently argues he established his claim for unjust enrichment against Mr. Patterson, and that the judgment does not take this into account.

{¶29} Essentially, Mr. Godale is arguing he is entitled to a new trial on the manifest weight of the evidence.

{¶30} The decision to grant or deny a motion for a new trial is reviewed for abuse of discretion. *McWreath v. Ross*, 179 Ohio App.3d 227, 2008-Ohio-5855, ¶69 (11th Dist.) Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the

8

correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶31}** In *McWreath*, *supra*, at ¶70-75, this court observed:

**{¶32}** "As the Supreme Court of Ohio explained in *Rohde* [*v. Farmer*, 23 Ohio St.2d 82 (1970)]:

**{¶33}** "'(W)here the appeal is from the granting of a motion for new trial, and the trial court's decision on the motion for new trial involves questions of fact, it has been held that the appellate court should view the evidence favorably to the trial court's action rather than to the original jury's verdict. 5 American Jurisprudence 2d 326, Section 887.

**{¶34}** "'This rule of appellate review is predicated, in part, upon the principle that the discretion of the trial judge in granting a new trial on the weight of the evidence may be supported by his having seen and heard the witnesses and having formed a doubt as to their credibility, or having determined from the surrounding circumstances and atmosphere of the trial, that the jury's verdict resulted in manifest injustice.' *Id.* at 94."

**{¶35}** "This court has similarly recognized that the trial judge is better situated than a reviewing court to pass on questions of witness credibility and the surrounding circumstances and atmosphere of the trial. *Kitchen v. Wickliffe Country Place* (July 13, 2001), 11th Dist. No. 2000-L-051, 2001 Ohio App. LEXIS 3191, at *8.

**{¶36}** "Furthermore, as the Supreme Court of Ohio stated recently, in *Harris v. Mt. Sinai Med. Ctr.* (2007), 116 Ohio St. 3d 139, 147, 2007-Ohio-5587, * * *:

**{¶37}** "'Where in the exercise of discretion a trial court decides to grant a new trial and that decision is supported by competent, credible evidence, a reviewing court must defer to the trial court. In such a case, the reviewing court may not independently assess whether the verdict was supported by the evidence, because the issue is not

9

whether the verdict in supported by competent, credible evidence, but rather whether the court's decision to grant the new trial is supported by competent, credible evidence.'" (Parallel citation omitted.)

{¶38} Given these standards, we find no merit in the contention a new trial was warranted. Even if Mr. Patterson failed to prove all the elements of contract, he did prove all the elements of quantum meruit. Mr. Godale argued in his motion for a new trial that Capital City Motor Coach was an indispensable party, since the judgment rendered against it made responsible for costs of the action. We fail to see how this makes Capital City responsible for paying Mr. Godale's legal fees. The motion for new trial did not assert Mr. McGrath was an indispensable party. We have no information regarding his relation, if any, to this case. The jury heard extensive testimony regarding the work done by Mr. Patterson for Mr. Godale, and concluded it justified an award of the fees requested. Evidently, the learned trial court agreed. The judgment rendered in the trial court decreased Mr. Patterson's award by the award made to Mr. Godale.

{¶39} The third assignment of error lacks merit.

{¶40} The judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.

10