[Cite as *Martin v. Martin*, 2016-Ohio-7551.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ERIC MARTIN, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-T-0025** |
| DENISE M. CARRADINE MARTIN, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 09 DR 333.

Recommendation: Modified in part, and affirmed as modified.

*Eric Martin,* pro se, P.O. Box 735, Vienna, OH 44473 (Plaintiff-Appellee).

*Charles E. Dunlap,* 7330 Market Street, Youngstown, OH 44512 and *Stanley Morganstern,* 28482 North 77th Street, Scottsdale, AZ 85266 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Dr. Denise M. Carradine Martin appeals from the judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting a divorce between Dr. Carradine Martin and Eric Martin. We modify in part, and affirm as modified.

{¶2} The parties were married in June 1998. Dr. Carradine Martin is a successful chiropractor; Mr. Martin is a financial advisor. Mr. Martin filed for divorce in

September 2009; Dr. Carradine Martin answered and counterclaimed. The proceedings were bitter and lengthy, including multiple interlocutory appeals to this court. February 11, 2015, the trial court filed the judgment entry at issue on appeal. The trial court granted the divorce on the basis of incompatibility. It determined the extent of the parties' separate property, and divided the marital property.[1] The trial court also made an award in Mr. Martin's favor for financial misconduct by Dr. Carradine Martin, totaling nearly $800,000.

{¶3}   Dr. Carradine Martin timely noticed this appeal, assigning nine errors. The first reads: "The Trial Court erred by reserving jurisdiction to in effect modify its division of property award, contrary to law." In its judgment entry, the trial court held, "the court shall reserve jurisdiction to enter further order to divide the assets of Defendant-Wife for the division of property[.]" Dr. Carradine Martin contends this is an impermissible reservation of jurisdiction to modify the property award. *Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801, ¶58. Mr. Martin contends it is a permissible reservation of jurisdiction to enforce the property award. *Id.* We find the clear language of the judgment entry constitutes an attempt to reserve jurisdiction to enforce the award.

{¶4}   The first assignment of error lacks merit.

{¶5}   Dr. Carradine Martin's third assignment of error reads: "The Trial Court erred and abused its discretion by failing to limit the distributive award to Appellee to Appellant's separate property as required by law." From 2006 through 2009, Dr. Carradine Martin transferred some $854,261.10 to Attorney D. Keith Roland. Attorney Roland would put the funds into his IOLTA accounts. They were then transferred by

---

1. The marital property was $2,329,040.07.

wire to the firm of Maerki Baumann & Co. in Zurich, Switzerland. Mr. Martin had no idea of this activity. His private investigator discovered the practice during the pendency of the divorce.

{¶6} As a result, the trial court granted an award to Mr. Martin for Dr. Carradine Martin's financial misconduct, pursuant to R.C. 3105.171(E). The award included $739,390.27 in the Maerki Baumann account as of December 31, 2009; $40,155.07 from Attorney Roland's IOLTA account; and $10,767.01 from accounts Dr. Carradine Martin kept at Consumers National Bank. In its judgment entry, the trial court described this award as a "distributive award."

{¶7} Former R.C. 3105.171(E)(3) allowed a trial court to make either a distributive award for financial misconduct by a party regarding marital property, *or* a greater award of marital property. The statute was amended in September 2010. Former R.C. 3105.171(E)(3) was renumbered (E)(4), and new R.C. 3105.171(E)(5) was added. This allows the court to make the distributive award or award of a greater portion of the marital property for financial misconduct up to three times the value of the property concealed. The parties spend considerable effort in their briefs arguing the applicability of the old or new statutes.

{¶8} We respectfully find this issue irrelevant. The question before this court is the nature of the award made. As Dr. Carradine Martin points out, a distributive award for financial misconduct can only be made from the offending party's separate property. *Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093, ¶26-34. The award made in this case was from marital property. Mr. Martin contends any error by

3

the trial court in naming the award is harmless, since the trial court had the power to make him an award from the marital property.

{¶9} We find Mr. Martin's argument persuasive. The trial court had the power to make an award for financial misconduct from the marital property, and did so. Calling it a "distributive" award is harmless error.

{¶10} The third assignment of error lacks merit.

{¶11} Dr. Carradine Martin's fourth assignment of error reads: "The Trial Court erred and abused its discretion in awarding Appellee distributive awards so punitive as to make the entire division of property not only unequal, but grossly inequitable under the entire facts and circumstances of the case." Dr. Carradine Martin argues that even if she committed financial misconduct, the award in favor of Mr. Martin is inequitable and punitive.

{¶12} Once a finding of financial misconduct is made under R.C. 3105.171(E), the trial court's decision regarding an award is reviewed for abuse of discretion. *Epperson v. Epperson*, 6th Dist. Wood No. WD-14-054, 2015-Ohio-2443, ¶41. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.) In this case, the trial court devoted more than 12 pages of its judgment entry to describing Dr. Carradine Martin's careful concealment of funds in Switzerland, etc., and her repeated attempts through discovery,

4

and under oath at trial, to obfuscate the matter. Under the circumstances, we cannot find the trial court abused its discretion in making the award it did.

{¶13} The fourth assignment of error lacks merit.

{¶14} Dr. Carradine Martin's seventh assignment of error reads: "The Trial Court erred and abused its discretion by concluding Appellee's conduct to have been negligent due to ignorance, or inappropriate at times, but not rising to financial misconduct." Dr. Carradine Martin argues that Mr. Martin, a financial expert, failed to disclose or properly account for various assets. Mr. Martin rejoins that, ultimately, most of these assets folded into accounts which he did disclose.

{¶15} On this issue, the trial court noted that some of Mr. Martin's records were unavailable to him, since they were stored at the marital residence, and that he made others available at his attorneys' office for inspection. The trial court concluded Mr. Martin's conduct may have been negligent, or even inappropriate, but did constitute financial misconduct under R.C. 3105.171(E). Nothing Dr. Carradine Martin points to convinces us this conclusion was error.

{¶16} The seventh assignment of error lacks merit.

{¶17} Dr. Carradine Martin's second assignment of error reads: "The Trial Court erred by classifying the mortgage on 1281 Sharrott Run Place, North Lima, Ohio as Appellant's separate debt as there was insufficient evidence to rebut the presumption that the debt was marital." 1281 Sharrott Run Place, North Lima, was the marital home, owned by Dr. Carradine Martin before the marriage. The mortgage existing when the marriage took place was paid off in 2003. In May 2006, a new mortgage loan was taken out. Dr. Carradine Martin presented the testimony of the notary allegedly witnessing Mr.

5

Martin sign the mortgage. However, that notary could not identify Mr. Martin at trial. Mr. Martin testified he did not remember signing the mortgage. The trial court found that all the proceeds of the mortgage were received by Dr. Carradine Martin in a bank check issued to her alone, and that Dr. Carradine Martin shortly thereafter deposited the same amount into a certificate of deposit, also in her name alone. On this basis, it determined the debt was Dr. Carradine Martin's separate debt.

{¶18} A trial court's decision to classify property as separate or marital is reviewed under the manifest weight of the evidence. *Gosser v. Gosser*, 11th Dist. Trumbull No. 2006-T-0029, 2007-Ohio-3201, ¶6. This standard of review is the same in civil as criminal cases: i.e., did the trier of fact clearly lose its way? *Patterson v. Godale*, 11th Dist. Lake Nos. 2014-L-034 and 2014-L-042, 2014-Ohio-5615, ¶12-13. Every presumption must be made in favor of the trial court's judgment. *Id.* at ¶14

{¶19} Applying this standard of review, we cannot find the trial court lost its way in determining the debt on 1281 Sharrott Run Place was Dr. Carradine Martin's separate debt. There was evidence presented on each side of the issue.

{¶20} The second assignment of error lacks merit.

{¶21} Dr. Carradine Martin's sixth assignment of error reads: "The Trial Court erred and abused its discretion by adopting Appellee's expert opinion of the valuation of Carramar Financial, contrary to the preponderance of the competent credible evidence." Carramar Financial is Mr. Martin's business. Dr. Carradine Martin's expert opined its value was $383,000. Mr. Martin's expert opined the value was $117,000.

{¶22} In *Huelskamp v. Huelskamp*, 185 Ohio App.3d 611, 2009-Ohio-6864 (3d Dist.), ¶27, the court stated:

6

**{¶23}** "A trial court enjoys broad discretion in determining the value of a marital asset and is not required to adopt any particular method of valuation. *James v. James* (1995), 101 Ohio App.3d 668, 680, * * *. It is not an abuse of discretion when the trial court assigns value to real estate in an amount that is supported by competent, credible evidence. *Osting v. Osting*, 3d Dist. No. 1-03-88, 2004-Ohio-4159, ¶21. '(W)hen the parties present substantially different valuations of an asset, it may believe all, part, or none of any witness's testimony.' *Covert v. Covert*, 4th Dist. No. 03CA778, 2004-Ohio-3534, ¶29. Furthermore, '(a) reviewing court should be guided by a presumption that the findings of a trial court are correct, since the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the testimony.' *DeWitt v. DeWitt*, 3d Dist. No. 9-02-42, 2003-Ohio-851, ¶11, quoting *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159, * * *." (Parallel citations omitted.)

**{¶24}** In this case, each side presented valuation testimony, which varied considerably. The trial court found Mr. Martin's expert more credible. Dr. Carradine Martin does not tell us specifically why this is error, and we conclude it was not.

**{¶25}** The sixth assignment of error lacks merit.

**{¶26}** Dr. Carradine Martin's eighth assignment of error reads: "The Trial Court erred and abused its discretion by awarding Appellee the commercial building at 8261 Market Street, Youngstown, Ohio, which houses Appellant's principal place of business, and awarding Appellee other properties without consideration of the expenses incurred to maintain them during the pendency of the divorce case." The building mentioned is largely occupied by Dr. Carradine Martin's office. Mr. Martin also maintains a smaller

7

office in it.  Dr. Carradine Martin asserts it was inequitable to award the building to Mr. Martin, since she is the principal tenant.  The trial court had further ordered Mr. Martin to pay 25% of the expenses for the building during the pendency of the divorce.  Dr. Carradine Martin argues it should have been 50% of the expenses.

{¶27}  We do not find any abuse of discretion by the trial court.  As it observed, Dr. Carradine Martin had placed a large portion of the marital property outside the country, and outside the trial court's jurisdiction, thus requiring the trial court to fashion Mr. Martin's portion of the marital property out of marital assets within the trial court's reach.  Regarding expenses, the trial court observed that Dr. Carradine Martin reaped all of the benefits of rent, etc., and that her own records regarding expenses incurred were of dubious validity.  This comports with the record.

{¶28}  The eighth assignment of error lacks merit.

{¶29}  Dr. Carradine Martin's fifth assignment of error reads: "The Trial Court erred and abused its discretion by classifying and valuing various assets as marital property contrary to the manifest weight of the evidence."  Under this assignment of error, Dr. Carradine Martin challenges the trial court's classification of numerous assets as marital.  We review these challenges under the civil manifest weight standard.  Dr. Carradine Martin further challenges the valuations assigned certain assets by the trial court.  We review these challenges for abuse of discretion.

{¶30}  Dr. Carradine Martin's principal business, Carradine Chiropractic Center, maintained a bank account at Consumers National Bank, with account number ending 5260, which the trial court characterized as marital.  Dr. Carradine Martin objects that, since the business is her separate property, so is the account.  The trial court found Dr.

8

Carradine Martin used the account to transact her personal business, including the forwarding of money to Attorney Roland for her secret Swiss account. Its determination that the account was marital is not against the manifest weight of the evidence. This issue lacks merit.

{¶31} Dr. Carradine Martin maintained an investment account, Commonwealth Financial Account Number HDM-161860. She asserts the trial court ignored a stipulation by the parties that this was her separate property. This appears from the record. This issue has merit. We modify the trial court's judgment finding this to be marital property. Rather, it was Dr. Carradine Martin's separate property.

{¶32} Dr. Carradine Martin maintained a 401K Commonwealth profit sharing account. Dr. Carradine Martin argues the trial court erred in valuing the account, and ignored the agreement of the parties as to its value. Conflicting evidence was presented to the trial court on this issue, and it was entitled to choose the value it did. This issue lacks merit.

{¶33} Dr. Carradine Martin maintained savings accounts at Home Savings & Loan, account ending in 6002; and at Farmers National Bank, account ending in 0206. Dr. Carradine Martin withdrew funds from the first account on February 24, 2009, and asserts the evidence shows she deposited the monies in the latter the same day. She asserts the trial court erred by double-counting the values of these accounts. The trial court found it could not trace the monies removed from the Home Savings & Loan account. On the evidence presented, this was not error: Dr. Carradine Martin testified she had no idea what happened to the monies she withdrew from that account. This issue lacks merit.

{¶34} Mr. Martin had an account at Cortland Bank, number 4602278, which the trial court determined was his separate property, being an asset of his financial business, and accounted for in its valuation. Dr. Carradine Martin objects. There is conflicting evidence – the trial court could choose to credit Mr. Martin's, rather than Dr. Carradine Martin's. This issue lacks merit.

{¶35} Dr. Carradine Martin established two LLC's during the marriage, Tudor Properties and Juniper Properties. She argues the trial court erred by classifying their attendant bank accounts as marital property, particularly as the accounts were owned by third party entities, not the parties to the divorce. Mr. Martin counters that the LLC's were third party defendants below, acquired with marital funds, and that the accounts were thus properly divisible by the trial court. This seems correct. The trial court's decision is not against the manifest weight of the evidence. This issue lacks merit.

{¶36} Dr. Carradine Martin made loans of personal funds to her chiropractic business, and another business she owned, Breath of Vitality, Inc. The trial court found these loans to be marital assets. Dr. Carradine Martin objects that the loans were made to businesses found to be her separate property, and cannot be considered marital. We respectfully disagree. The loans were made by Dr. Carradine Martin from her marital funds, without input from Mr. Martin. It was not error for the trial court to conclude the loans were marital. However, we note the trial court appears both to have included the value of the loans in the marital property, which it divided between the parties, and to have ordered the corporations and/or Dr. Carradine Martin to repay Mr. Martin his half of the value of the loans. This is a windfall for Mr. Martin. Consequently, we modify the trial court's judgment, in that neither Dr. Carradine Martin nor her two corporations are

responsible for paying Mr. Martin his half of the loans, as these are already included in his half of the marital property.

**{¶37}** The trial court concluded that funds in Attorney Roland's IOLTA account were martial property, resulting from Dr. Carradine Martin's funneling of money to him to supply her Swiss bank account. On appeal, she essentially argues that he did put all funds received from her into that account, and the money remaining in the IOLTA is not hers. This assertion is not supported by the record. The trial court did not err in finding the IOLTA funds to be marital property.

**{¶38}** Finally, Dr. Carradine Martin challenges the trial court's valuation of the Maerki Baumann & Co. account using the December 31, 2009 value. The termination of the marriage was determined to be April 9, 2009: Dr. Carradine Martin argues the trial court abused its discretion in not using the accounts value as of December 31, 2008, since that date was closer to the date the marriage terminated.

**{¶39}** When a precise evaluation date for an asset is unavailable, a trial court does not abuse its discretion by choosing another date based on the evidence before it. *Homme v. Homme*, 12th Dist. Butler No. CA2010-04-093, 2010-Ohio-6080, ¶62. In this case, the trial court stated it chose a date following the termination of marriage, to make certain any marital value in the Maerki Baumann & Co. account was captured. It did not abuse its discretion in so doing. This issue lacks merit.

**{¶40}** The fifth assignment of error has merit in part, and lacks merit in part.

**{¶41}** Dr. Carradine Martin's ninth assignment of error reads: "The Trial Court erred and abused its discretion in the amount of its award of attorney fees to Appellee." Pursuant to R.C. 3105.73(A), a trial court in a divorce proceeding has discretion to

11

award attorney fees. *Huffer v. Huffer*, 10th Dist. Franklin No. 09AP-574, 2010-Ohio-1223, ¶19. In doing so, the trial court may consider the income of the parties, awards of temporary spousal support, the conduct of the parties, and any other factor it deems equitable. *Id.* In this case, Mr. Martin requested $100,337.90 in attorney fees. The trial court awarded him $37,076.53 for the extra costs he incurred due to Dr. Carradine Martin's financial misconduct. This was not an abuse of discretion.

{¶42} The ninth assignment of error lacks merit.

{¶43} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is modified in part, and affirmed as modified.

DIANE V. GRENDELL, J., concurs in judgment only,

TIMOTHY P. CANNON, J., concurs in judgment only in part and dissents in part with a Concurring and Dissenting Opinion.

_____

TIMOTHY P. CANNON, J., concurring in judgment only in part and dissenting in part.

{¶44} Respectfully, I concur in judgment only in part and dissent in part from the opinion of the majority. There are numerous arguments raised by both parties that should be further addressed and clarified.

{¶45} As her first assignment of error, appellant asserts the trial court erred by "reserving jurisdiction to in effect modify its division of property award, contrary to law." The majority states that the "clear language of the judgment entry constitutes an attempt to reserve jurisdiction to *enforce* the award." I believe the trial court's order on this point is less than clear. For example, the trial court's entry states "that the Court shall reserve

jurisdiction to enter further order to divide assets of [appellant] for the division of property as well as amounts awarded by the Court to be paid by [appellant] to [appellee] for compensatory damages and attorney fees." I concur with the majority that to the extent the trial court attempted to reserve jurisdiction solely for the purpose of enforcing its own order—and not to consider any further modification of the division of property—this assignment of error is without merit. The trial court is not permitted, however, to retain jurisdiction to further modify the division of property. *See Pettit v. Pettit*, 12th Dist. Fayette No. CA2011-08-018, 2012-Ohio-1801, ¶58, quoting *Schiavone v. Schiavone*, 126 Ohio App.3d 780, 782 (12th Dist.1998), quoting R.C. 3105.171(I).

{¶46} Appellant's third and fourth assignments of error state:

> [3.] The Trial Court erred and abused its discretion by failing to limit the distributive award to Appellee to Appellant's separate property as required by law.

> [4.] The Trial Court erred and abused its discretion in awarding Appellee distributive awards so punitive as to make the entire division of property not only unequal, but grossly inequitable under the entire facts and circumstances of the case.

I believe we should more fully address the specific arguments raised by appellant, to wit: (1) the initial finding of financial misconduct; (2) the amount and source of the distributive award; and (3) whether the division of marital assets is equitable.

{¶47} "[W]hile a trial court enjoys broad discretion in deciding whether to compensate one spouse for the financial misconduct of the other, the initial finding of financial misconduct must be supported by the manifest weight of the evidence." *Calkins v. Calkins*, 11th Dist. Geauga Nos. 2014-G-3203 & 3218, 2016-Ohio-1297, ¶17, citing *Davis v. Davis*, 11th Dist. Geauga No. 2011-G-3018, 2013-Ohio-1118, ¶77, and *Smith v. Emery-Smith*, 190 Ohio App.3d 335, 2010-Ohio-5302, ¶50 (11th Dist.).

13

> [W]hile R.C. 3105.171(E)(3) does not set forth an exclusive listing of acts constituting financial misconduct, those acts that are listed (dissipation, destruction, concealment, or fraudulent disposition) all contain some element requiring wrongful scienter. Typically, the offending spouse will either profit from the misconduct or intentionally defeat the other spouse's distribution of marital assets.

*Hammond v. Brown*, 8th Dist. Cuyahoga No. 67268, 1995 Ohio App. LEXIS 3975, *9 (Sept. 14, 1995); *see also Gentile v. Gentile*, 8th Dist. Cuyahoga No. 97971, 2013-Ohio-1338, ¶55. The burden of proving financial misconduct is on the complaining party. *Emery-Smith*, *supra*, at ¶50 (citation omitted).

{¶48} I believe there is competent, credible evidence to support the trial court's determination that appellant engaged in financial misconduct. It appears the majority has simply taken this initial legal conclusion for granted.

{¶49} A trial court is vested with broad discretion when fashioning a division of both marital property and marital debt. *Onyshko v. Onyshko*, 11th Dist. Portage No. 2008-P-0035, 2010-Ohio-969, ¶43 (citation omitted); *see also Dilley v. Dilley*, 11th Dist. Geauga No. 2010-G-2957, 2011-Ohio-2093, ¶16. A potentially equal division is to be the starting point in determining an equitable distribution of property. *Cherry v. Cherry*, 66 Ohio St.2d 348 (1981), paragraph one of the syllabus; *see also* R.C. 3105.171(C)(1). In the end, "[t]he award need not be equal, but it must be equitable." *Bisker v. Bisker*, 69 Ohio St.3d 608, 609 (1994) (citation omitted). Further, "[i]f a spouse has engaged in financial misconduct, * * * the court may compensate the offended spouse with a distributive award or with a greater award of marital property." R.C. 3105.171(E)(4).

{¶50} As the reviewing court, "we must view the property division in its entirety, consider the totality of the circumstances, and determine whether the trial court abused its discretion when dividing the spouses' marital assets and debts." *Baker v. Baker*, 4th

14

Dist. Washington No. 07CA24, 2007-Ohio-7172, ¶28, citing *Briganti v. Briganti*, 9 Ohio St.3d 220, 222 (1984). We are not to substitute our judgment for that of the trial court "unless the trial court's decision is unreasonable, arbitrary or unconscionable." *Bisker, supra*, at 609, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

**{¶51}** Here, the trial court granted appellee a "distributive award" as a result of appellant's financial misconduct. A distributive award can only be made from the offending party's separate property. *See Dilley*, *supra*, at ¶27, quoting R.C. 3105.171(A)(1). Appellee's distributive award, on the other hand, exceeded the value of appellant's separate property and was thus taken from marital property.

**{¶52}** The majority concludes this was merely an error in "naming the award" and that it was harmless error because the trial court "had the power to make [appellee] an award from the marital property." However, it is not clear the trial court recognized this or that the court made what it considered to be an "equitable division" of marital assets when it granted the "distributive award."

**{¶53}** Because the amount of the "distributive award" was greater than the amount of appellant's separate property, I would find the trial court abused its discretion. In order for this court to review whether the division of marital property was "equitable" or "punitive," however, we need to know what that award actually is. This case should be remanded for the trial court to perform another calculation in accordance with the statute. The trial court must determine what amount of the distributive award is to be paid from appellant's separate property and what portion of the marital property should be divided in order for that division to be "equitable."

15

**{¶54}** Appellant's seventh assignment of error states: "The Trial Court erred and abused its discretion by concluding Appellee's conduct to have been negligent due to ignorance, or inappropriate at times, but not rising to financial misconduct." Again, we do not review this determination for an abuse of discretion. Rather, a legal conclusion on the issue of financial misconduct must be supported by the manifest weight of the evidence. *See Calkins*, *supra*, at ¶17 (citations omitted). I agree with the majority's disposition of this assignment of error because the weight of the evidence supports the conclusion that appellee's conduct did not rise to the level of financial misconduct under R.C. 3106.171(E)(4).

**{¶55}** Under her sixth assignment of error, appellant asserts "[t]he Trial Court erred and abused its discretion by adopting Appellee's expert opinion of the valuation of Carramar Financial, contrary to the preponderance of the competent credible evidence." The majority finds this argument without merit because appellant does not explain why it was error for the trial court to find appellee's expert more credible. I do not agree with this statement. In her appellate brief, appellant specifically contends her expert was more credible with regard to use of a multiplier and inclusion of certain assets in the valuation.

**{¶56}** We should also clarify the standard of review regarding adopting an expert's valuation of an asset. Many cases have conflated abuse of discretion review with the manifest weight standard. In reviewing the adoption of an expert's valuation, I believe we should simply determine whether competent, credible evidence exists to support that decision.

16

{¶57} Under her fifth assignment of error, appellant states: "The Trial Court erred and abused its discretion by classifying and valuing various assets as marital property contrary to the manifest weight of the evidence." I first take issue with the majority's analysis; although it concludes many of appellant's challenges are without merit, it does not indicate what the specific challenge is with respect to each of the assets discussed.

{¶58} Further, the standard of review must again be clarified. Contrary to the majority opinion, a "civil manifest weight standard" no longer exists. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶17-23, citing *State v. Thompkins*, 78 Ohio St.3d 380 (1997) (holding the criminal standard of review for manifest weight of the evidence applies in civil cases). "'When reviewing a trial court's designation of property as marital or separate, an appellate court applies a manifest weight of the evidence standard of review.' The designation of separate property by the trial court will be upheld on appeal if it is supported by competent, credible evidence." *Gosser v. Gosser*, 11th Dist. Trumbull No. 2006-T-0029, 2007-Ohio-3201, ¶6, quoting *Seybert v. Seybert*, 11th Dist. Trumbull No. 99-T-0119, 2001-Ohio-7066, ¶19, and citing *Fletcher v. Fletcher*, 68 Ohio St.3d 464, 468 (1994). This standard should also be applied to the valuation of property. The value chosen by the trial court must be based on the more persuasive competent, credible evidence.

{¶59} For all of the foregoing reasons, I respectfully concur in judgment only in part and dissent in part from the majority opinion.